## In the Matter of the Estate of GARRET S. BERGEN, Deceased.

Surrogate's Court, Kings County, November 14, 1935.

*Gifford, Woody, Carter & Hays,* for the executor.

*Harry M. Peyser,* for the State Tax Commission.

WINGATE, S.   The questions raised by the cross-appeals of the parties herein concern the now almost wholly antiquated Transfer Tax Law which was, except as to the unclosed estates of persons dying before September 1, 1930, superseded by chapter 710 of the Laws of 1930.

The testator died on February 25, 1914, his will being admitted to probate some three weeks later.   By its terms a life estate in the entire remainder of the estate was given to the widow with power " to use the whole or any part of the principal  *  *  *  for

her support and maintenance in the event that the income derived therefrom shall not in her opinion be sufficient for that purpose." The testator further directed " that her decision in that respect shall be absolutely binding upon all persons interested in my estate."

In the succeeding paragraph of the same item the testator devised and bequeathed the " rest, residue and remainder of my property," upon the death of the wife, $1,000 to a named grandson, and the balance to a son, with further provision that if either predeceased the widow it should pass to the issue of the particular remainderman.

On June 4, 1915, a *pro forma* taxing order was entered which, after reciting that the value of the remainder subject to tax was $16,340.33, that the present value of the widow's estate was $4,886 and " that the value of the remaining shares in the said estate are not presently ascertainable, and that the remainder of the said estate should be reserved until the person or persons entitled thereto shall come into actual possession or enjoyment thereof," ordered that the present value of the widow's interest was $4,886, and exempt from tax.   It then continued: " Ordered, adjudged and decreed, that the remainder of the estate be reserved until the person or persons entitled thereto shall come into actual possession or enjoyment thereof."

No appeal was prosecuted from this order, wherefore its determinations are not subject to present attack (Tax Law, § 232; *Rudd v. Cornell,* 171 N. Y. 114, 127, *et seq.; Matter of Davis,* 149 id. 539, 547, 548; *Matter of Wolfe,* 137 id. 205, 214; *Matter of Fletcher,* 219 App. Div. 5, 14, 15; *Matter of Putnam,* 220 id. 34, 37, 38; *Matter of Lauderdale,* 150 Misc. 214, 216), as is readily admitted by both parties to the present proceeding.

The widow and the life tenant died on May 19, 1934, whereupon an order was made transmitting the 1915 report to the transfer tax appraiser for a supplemental report upon the falling in of the life estate.   In this proceeding it was ascertained that the life tenant had failed to avail herself of the power of invasion granted her in the will, and that the value of the remainder which passed pursuant to the provisions of the will hereinbefore noted, amounted to $16,340.33.   In determining the question of taxability, the appraiser deducted from this sum the value of the life estate to the widow as fixed in the order of 1915, holding that the taxable interest of the grandson was the $1,000 provided for him in the will, and that of the son was $10,454.33, although he is admittedly receiving $15,340.33.

The State Tax Commission complains at this deduction of the value of the life estate of the widow, whereas the estate feels itself aggrieved by the determination that any part of the remainder whatsoever is taxable.

The position of the estate, in brief, is that the interest of the widow under the will was a base fee and that she was, therefore, properly taxable in 1915 on the entire remainder of the estate. This contention appears to be wholly sound (*Matter of Terry*, 218 N. Y. 218, 224; *Matter of Post,* 96 Misc. 531, 534), but in no wise affects the questions presently presented. True, the appraiser, in 1915, erred in his determination of the value of the life estate with power to consume, since it should have been fixed at $16,340.33 and not at $4,886. The *pro forma* order followed this error and the parties acquiesced therein. This phase of the matter is, therefore, *res adjudicata* and presently immaterial.

The 1915 order, however, did one other wholly independent and unrelated thing in determining that the value of the remaining shares in the estate were then unascertainable for tax purposes and that taxation thereof should be reserved until they should pass into actual possession. Quite independently of the binding force of this adjudication, which is not presently open to question, it is wholly patent that the determination was in accord with the fact. By the terms of the will, the widow was given a wholly absolute and uncontrolled discretion to consume the entire principal of the estate, with the result that if she elected so to do, nothing whatsoever would pass to the remaindermen.

In this situation we have as clear an example of a gift upon a contingency as the most exacting could desire. The language of Judge POUND, in *Matter of Terry* (218 N. Y. 218, 224), therefore, becomes exactly applicable: " When the transfer or possible reverter to the heirs which defeats of delimits the possession or right of possession of those presently entitled thereto is subject to a contingency so remote that it cannot be measured by lives or years or any definite rule, its fair market value cannot be ascertained. It will, therefore, be ascertained and the tax thereon will ' accrue and become payable only when the persons beneficially entitled thereto shall come into actual possession and enjoyment thereof.' (§ 230.) "

In the case at bar the contingency upon which the remainder estates depended was the wholly unrestrained wish or whim of the life tenant, a woman, which can scarcely be gauged or predicted by " any definite rule."

The taxability and values of the remainder interests having been validly postponed until the time they should actually vest in possession, are now both definitely ascertainable and presently taxable.

The basis of taxation is unmistakably indicated in one of the final paragraphs of section 230 of the Tax Law, as follows: " Estates in expectancy which are contingent or defeasible and in which proceedings for the determination of the tax have not been taken or where the taxation thereof has been held in abeyance, shall be appraised at their full, undiminished value when the persons entitled thereto shall come into the beneficial enjoyment or possession thereof, without diminution for or on account of any valuation theretofore made of the particular estates for purposes of taxation, upon which said estates in expectancy may have been limited."

It follows that the taxable interest passing to the son should have been fixed at the amount which he will actually receive, namely, $15,340.33. (*Matter of Seligmann*, 219 N. Y. 656, 657; *Matter of Bucki*, 172 App. Div. 455, 457.)

The appeal of the State Tax Commission is accordingly allowed and that of the estate is dismissed.

Enter order on notice.