Maximilian Moss, S.
This is an appeal under section 232 of the Tax Law by the United States Trust Company of New York as administrator de bonis non of the estate of Violette W. Notman, deceased, from a pro forma order of this court made and entered on May 13, 1955, by which a transfer tax of $1,466.67 was imposed under article 10 of the Tax Law.
The facts being undisputed the problem presented is one of law. John Notman, decedent’s father, died on January 5, 1907. He was survived by his widow, a daughter, Elizabeth and *467 another, Violette, who will be referred to herein as the decedent. He left a will by which he directed that his residuary estate be divided in three parts. In this appeal we are only concerned with one part which he left in trust for the life of Elizabeth with remainder over to her surviving issue and in default of such issue then to the decedent if living and if dead then to her surviving issue. No further provision was made for the devolution of the corpus of said trust.
The decedent died on April 12,1925. Transfer tax proceeding and schedules in her estate were filed in 1926. No mention was made in said tax schedules concerning decedent’s possible interest in the corpus in question. The report of the appraiser was filed and the tax on her estate as stated in said schedule was fixed by the order of the court on December 10, 1926. Elizabeth was married and had a son who died in 1944. She died without issue in 1951. The trust thereby terminated with no remainder-man surviving her, intestacy resulting of such remainder, and one third thereof passed to decedent’s estate.
The appellant contends that at her death the decedent’s interest in the corpus was so highly speculative as to have no value for transfer tax purposes.
It should be noted that at the death of her father the decedent had a dual interest in the corpus; one, of the entire fund as a remainderman contingent on her surviving her sister if the latter died without issue surviving (Matter of Burdsall, 128 Misc. 582, 584, affd. 221 App. Div. 756); the other, of a vested intestate share of one third of said fund, defeasible if the remainder vested at the termination of the trust pursuant to the terms of the will (Real Property Law, § 39; 2 Powell on Real Property, par. 271, pp. 448, 449). Though decedent’s remainder interest in the fund, under the terms of the trust, had been extinguished by her predeceasing her sister, her intestate reversionary interest, at her sister’s death, became absolute, payable to her estate.
Until such reversionary interest vested absolutely, it constituted an estate in expectancy (Real Property Law, §§ 35-37), descendible, devisable and alienable in the same manner as an estate in possession (Real Property Law, § 59, New York Life Ins. & Trust Co. v. Carey, 191 N. Y. 33, 39; Livingston v. New York Life Ins. & Trust Co., 36 N. Y. St. Rep. 566, affd. sub nom. McCurdy v. N. Y. Life Ins. & Trust Co., 151 N. Y. 667), applicable to personal property (Stringer v. Young, 191 N. Y. 157,164-165; Mills v. Husson, 140 N. Y. 99,104).
The fair market value of a decedent’s estate may be postponed to await the happening of some event which may render *468 the appraisal easier and more certain (Matter of Hubbard, 234 N. Y. 175; Matter of White, 208 N. Y. 64). In such a case the transfer tax on a defeasible estate in expectancy which has been held in abeyance may be appraised at its “ full, undiminished value when the persons entitled thereto shall come into the beneficial enjoyment or possession thereof, without diminution for or on account of any valuation theretofore made of the particular estates for purposes of taxation, upon which said estates in expectancy may have been limited ” (Tax Law, § 230, subd. 7).
On January 11, 1952, the United States Trust Company of New York, appellant herein, was granted letters of administration de bonis non of decedent’s estate. As such fiduciary it received one third of the corpus of said trust. It applied to this court for an order exempting the additional asset so received from any transfer tax under article 10 of the Tax Law. The application was denied and the matter was remitted to the estate tax appraiser for the purpose of computing the valuation and fixing the tax thereon without prejudice to an appeal from the pro forma taxing order to be entered upon the appraiser’s report. It is from that order that this appeal has been taken. The amount received by the appellant as decedent’s share in the distribution of the corpus of the trust was $58,137.76. The parties have stipulated that when decedent died in 1925, its value was $36,666.67. The tax imposed was on the basis of the latter valuation.
It follows that the tax on the amount received by the appellant as fiduciary of decedent’s estate was properly and correctly imposed (Matter of Seligmann, 219 N. Y. 656; Matter of Mason, 120 App. Div. 738, affd. sub nom. Matter of Naylor, 189 N. Y. 556; Matter of Bergen, 157 Misc. 313; Matter of Barbey, 37 N. Y. S. 2d 932). The order fixing such tax is affirmed. Settle decree on notice.