JOHN L. DEBES, Respondent, *v.* MONROE COUNTY WATER AUTHORITY, Appellant.

Fourth Department, May 18, 1962.

*Reilly, McLouth, Lines & Wilkens* (*James A. Reed, Jr.,* of counsel), for appellant.

*Charles P. Maloney* for respondent.

*Per Curiam.* In this action against defendant Water Authority for damages resulting from a broken water main, plaintiff failed to serve a notice of claim pursuant to section 50-e of the General Municipal Law as required by section 1109 of the Public Authorities Law. Special Term denied defendant's motion to dismiss the complaint on the ground that " the dangerous condition was caused by servants or employees " (of the defendant) and " it is not necessary to plead compliance with the statute requiring prior notice ". Filing of the notice of claim is a condition precedent to the commencement of the action (*Chavers* v. *City of Mount Vernon*, 276 App. Div. 855, affd. 301 N. Y. 634) and the reason thus given by Special Term was erroneous.

Although defendant's notice of motion recited that it was moving to dismiss on the face of the complaint, all the parties

proceeded as though this was a motion under rule 107 of the Rules of Civil Practice and served affidavits and exhibits to support their respective positions. These were fully considered by Special Term in rendering its decision. The court and the parties deemed the motion to be one under rule 107 and we so treat it.

The record clearly reveals that from the inception of plaintiff's claim defendant's representatives admitted responsibility for the damage and further sent an adjuster from its insurance carrier to discuss settlement of the loss. Extensive negotiations followed and the only disagreement between the parties related to the amount of the damage. Letters from the Water Authority assured plaintiff that " we are sure that you and the insurance company can work out satisfactory solution to all concerned ". Plaintiff was justified in believing, as asserted by defendant's counsel, " that the matter will be adjusted in the near future to everyone's satisfaction ". It was not until more than 20 months of settlement negotiations that defendant advised plaintiff it would not settle the claim on terms acceptable to plaintiff.

Plaintiff was lulled into taking no action until after the statutory period for filing of the notice of claim had passed because of his reliance upon defendant's representations that the matter could be settled without litigation. To permit defendant now to assert this defense after the period in which to file a notice of claim had elapsed would be unconscionable. This situation falls squarely within the principles laid down in *Triple Cities Constr. Co.* v. *Maryland Cas. Co.* (4 N Y 2d 443) and the cases cited therein. At page 448 Judge FULD wrote: " An estoppel, this court has said, ' rests upon the word or deed of one party upon which another rightfully relies and so relying changes his position to his injury.' (*Metropolitan Life Ins. Co.* v. *Childs Co.*, 230 N. Y. 285, 292; *Lynn* v. *Lynn*, 302 N. Y. 193, 205.) Indeed, ' A party may not, even innocently, mislead an opponent and then claim the benefit of his deception.' (*Romano* v. *Metropolitan Life Ins. Co.*, 271 N. Y. 288, 293; see, also, *Syracuse Light. Co.* v. *Maryland Cas. Co.*, 226 N. Y. 25, 36.) And, more to the point, it has been at least twice held, in actions against this very same defendant, that an estoppel may be predicated upon evidence that the defendant, by resort to settlement negotiations, intended ' to lull the plaintiff into inactivity,' to ' induce it to continue negotiations until after the expiration of the * * * time within which an action ' could be maintained. (See *Syracuse Light. Co.* v. *Maryland Cas. Co.*, 226 N. Y. 25, 36, *supra*; *Rego Bldg. Corp.* v. *Maryland Cas. Co.*, 151

Misc. 801, 803–805.) '' (See, also, *Erbe* v. *Lincoln Rochester Trust Co.,* 13 A D 2d 211, appeal dismissed 11 N Y 2d 754.)

Under the circumstances here presented, plaintiff should not be required to file a notice of claim. It will, however, be necessary for the plaintiff to file and serve an amended complaint showing the facts giving rise to the estoppel which excuses plaintiff from the necessity of complying with section 50-e. The complaint should be dismissed with leave to plaintiff to file and serve an amended complaint within 20 days after service of the order herein.

BASTOW, J. P., GOLDMAN, HALPERN, McCLUSKY and HENRY, JJ., concur.

Order unanimously reversed, without costs of this appeal to either party and motion granted, without costs, with leave to plaintiff to file and serve an amended complaint within 20 days after service of the order herein with notice of entry, if so advised.