William B. Lawless, J.
Petitioner seeks an order permitting her to serve a late notice of claim pursuant to subdivision 5 of section 50-e of the General Municipal Law, or in the alternative, for an order that the claimant be excused from complying with section 50-e of the said General Municipal Laiv.
Proof was taken on the contention made by the petitioner that writings by an authorized representative of the respondent were made and therefore this court may exercise discretion and grant leave to serve notice of claim after the expiration of the 90-day rule.
. On the hearing, petitioner established that a stenographic statement was taken in the hospital from Nancy S. Teubner, a hand-written statement was signed by Miss Teubner and that a medical authorization form was signed by her.
We believe that these writings and oral statements of respondents’agents gave the petitioner “ reasonable assurance * * * that procedures were proceeding toward settlement of her claim”. (Latragna v. Brighton School Dist. No. 1, 2 Misc 2d 467; Matter of Daley v. Greece Cent. School Dist., 21 A D 2d 976; Debes v. Monroe County Water Auth., 16 A D 2d 381; Matter of Brummer v. County of Erie, 20 A D 2d 627.) From the foregoing we are convinced that the petitioner has established the right to bring an action against the respondents on the theory of estoppel, and upon the proof presented, we find that the respondents are estopped from contending that the notice requirements of the General Municipal Law serve as a defense to late, filing.
We therefore excuse the petitioner from complying with section 50-e of the General Municipal Law, Submit order.