■ In the Matter of the Claim of EMMA B. JOHNSON, Respondent, v. BOARD OF EDUCATION OF THE CITY OF ROCHESTER, Appellant.— Order unanimously reversed on the law and facts, without costs and motion denied. Memorandum: On claimant's motion for permission to serve a late notice of claim made nine months after her claim arose, Special Term ordered that she be allowed to serve a complaint setting forth her claim and showing facts giving rise to an estoppel excusing her failure to file her claim within the 90-day period specified in section 50-e of the General Municipal Law. In our opinion her motion papers fail to state facts sufficient to justify the granting of the order. The only relevant facts are stated in the affidavit of claimant's attorney, who, without specifying any dates, alleges that he had several conversations with respondent's claim adjuster and a settlement figure was discussed at the figure of approximately $900 to be determined by verification of claimant's injuries. There is no allegation of anything said or done by respondent or anyone acting for it within the 90-day period that could estop it from requiring compliance with section 50-e, nor is there any evidence that claimant failed to file her claim because of her reliance thereon. While a municipality may be estopped from setting up the defense of failure timely to file a notice of claim by acts done within the 90-day period upon which a claimant may justifiably rely, such as asking for a list of special damages, offer to talk settlement and arranging for a physical examination (*Matter of Daley* v. *Greece Cent. School Dist.*, 21 A D 2d 976, affd. 17 N Y 2d 530), there can be no estoppel where, as here, no such acts are shown to have occurred within the 90-day period and there is no showing that claimant relied on any such acts (*Stissing Nat. Bank* v. *Kaplan*, 28 A D 2d 1159, 1160). Furthermore claimant's delay in moving for relief for six months after expiration of her time to file a claim and for over four months after denial of liability because of her failure to file within the 90-day period required denial of her motion (*Matter of Jones* v. *City of New York*, 30 A D 2d 938). (Appeal from order of Monroe Special Term permitting service of complaint.) Present — Del Vecchio, J. P., Marsh, Witmer, Moule and Henry, JJ.