■ DECISIONWARE, INCORPORATED, Respondent-Appellant, v. SYSTEMS EQUIPMENT LESSORS, INC., Appellant-Respondent.— In an action, *inter alia,* to recover $170,000 which plaintiff alleges defendant owes pursuant to a stock purchase agreement, (1) defendant appeals from an order of the Supreme Court, Westchester County, dated February 27, 1974, which denied its motion to dismiss the complaint, and (2) plaintiff appeals from so much of an order of the same court, entered April 23, 1974, as granted the branch of a motion by defendant which sought to stay plaintiff from proceeding under its amended complaint pending determination of the appeal from the February 27, 1974 order. Upon the court's own motion, the appeals are consolidated and decided simultaneously. Appeal from the order of April 23, 1974 dismissed as academic in view of the determination herein of the appeal from the order of February 27, 1974. Order dated February 27, 1974 affirmed. Defendant's time to answer the amended complaint is extended until 20 days after entry of the order to be made hereon. Plaintiff is awarded a single bill of $20 costs and disbursements to cover both appeals. We find no merit to the argument raised by defendant for dismissal of the complaint, viz., that personal service of the summons and complaint upon defendant's president at its Connecticut office was insufficient to confer jurisdiction upon the court. The record shows defendant was licensed to transact business in New York, had an office here and had authorized the Secretary of State of the State of New York to accept service of process on its behalf. It was " doing business " in New York in the traditional sense of the phrase. Hence, under CPLR 301 and 313, it could be served with process here or out-of-State and the court would " acquire personal jurisdiction over the corporation for any cause of action asserted against it, no matter where the events occurred which give rise to the cause of action" (*Public Administrator of County of N. Y.* v. *Royal Bank of Canada,* 19 N Y 2d 127, 130). Further, the complaint alleged that negotiations leading up to the agreement and the closing, including transfer of the down payment, all occurred in New York and hence personal jurisdiction was acquired pursuant to CPLR 302 (see *Parke-Bernet Galleries* v. *Franklyn,* 26 N Y 2d 13; see, also, *Peterson* v. *Spartan Ind.,* 33 N Y 2d 463). Cohalan, Acting P. J., Christ, Brennan, Benjamin and Munder, JJ., concur.