**BARBER-SCOTIA COLLEGE, INC.,**
**Plaintiff,**

v.

**CITY OF NEW YORK et al.,**
**Defendants.**

**No. 73 Civ. 3103.**

United States District Court,
S. D. New York.

Jan. 3, 1975.

Anderson, Russell, Kill & Olick, P. C., New York City, for plaintiff by Eugene R. Anderson, Jerold Oshinsky, New York City, of counsel.

Adrian P. Burke, Corp. Counsel of the City of New York, New York City, for defendants by James Carroll, Asst. Corp. Counsel, New York City, of counsel.

## OPINION AND ORDER

KEVIN THOMAS DUFFY, District Judge.

The plaintiff in this action, Barber-Scotia College, Inc. ("Barber-Scotia"), contracted with Central Brooklyn Model Cities ("CBMC") to make available Barber-Scotia's North Carolina campus for a summer educational program in 1972. Pursuant to the agreement, CBMC sent more than 200 students and faculty members to Barber-Scotia from June 28, 1972 until August 18, 1972. This suit was begun to recover the cost of repairs for damage allegedly done to the college during the course of the summer program. The defendant, City of New York, has moved to dismiss the complaint. The City argues that plaintiff's failure to file a notice of claim with the Corporation Counsel within 90 days of the alleged injury forecloses the action on the tort count of the complaint. N. Y.Gen.Municipal Law § 50-e (McKinney's Consol.Laws, c. 24, 1965).

The plaintiff contends that its failure to file a timely notice of claim is no bar to its action since the defendant is estopped, by reason of its settlement representations, from asserting the failure. Moreover, plaintiff contends that the purpose of the statute has been met since the defendant received prompt actual notice of the claim.

The apparently uncontroverted facts are that at the end of the summer program in August 1972, the on-site Director of the Model Cities Summer Academy, Mr. Willis G. Cheatham, was taken for a tour of the campus after which he signed a writing listing the damages which are the basis of this action. On August 25, 1972, the plaintiff sent to CBMC a written, documented claim for all monies it considered due, including reimbursement for the damage. A letter of September 14, 1972, from the Director of CBMC requested additional documentation and indicated that CBMC was reviewing the request for reimbursement for the damage.

All of these communications took place during the 90 day period immediately following the end of the program. If indeed the City is estopped from asserting plaintiff's failure to file, the estoppel must be based on the developments during the 90 day period since reliance on actions by the defendant after the 90 day period would not justify the plaintiff's failure to file a timely notice of claim. See Johnson v. Bd. of Education, 33 A.D.2d 647, 305 N.Y.S.2d 89 (4th Dep't 1969); El-Barry Realty Corp. v. City of New York, 37 A.D.2d 543, 322 N.Y.S.2d 219 (1st Dep't 1971). For this reason it is unnecessary to con-

sider any of the later communications between the parties.

It is clear from the communications and actions that took place in August and September 1972 that representatives of the City were aware of the claim. Further, they indicated that they were processing the claim. Clearly the City had both prompt notice of and an opportunity to investigate the claim so that the legislative purpose of Section 50-e has been accomplished. See Joint Legislative Committee on Liability, Fifth Report, March 23, 1959, at 28; see also McCabe v. Nassau County Medical Center, 453 F.2d 698 (2d Cir. 1971); Quintero v. Long Island R. R., 55 Misc.2d 813, 286 N.Y.S.2d 748 (Sup.Ct.1968), aff'd 31 A.D.2d 844, 298 N.Y.S.2d 109 (2d Dep't 1969).

■ Moreover, the acknowledgment of the damage by CBMC's on-site representative and the September 14th letter from CBMC were clearly relied upon by plaintiff as indications that the matter would in fact be settled. For this reason, the plaintiff, which was unaware of any claim-filing requirement, did not even engage an attorney until much later when it became apparent that the City was not going to pay for the damage. Representations by City agents, on which plaintiff relied, that the matter would be resolved, estop the City from now asserting the plaintiff's failure to file as a defense to the action. See Daley v. Greece Central School District No. 1, 21 A.D.2d 976, 252 N.Y.S.2d 899 (4th Dep't 1964), aff'd 17 N.Y.2d 530, 267 N.Y.S.2d 909, 215 N.E.2d 165 (1966); Debes v. Monroe County Water Authority, 16 App.Div.2d 381, 228 N.Y.S.2d 364 (4th Dep't 1962); Teubner v. O'Connell, 50 Misc.2d 633, 270 N.Y.S.2d 978 (Sup. Ct.1966).

■ The City also tried to defeat the contract count on the ground that the Executive Order of the Mayor (No. 8 dated Apr. 15, 1970), which created the Model Cities Administration, calls for approval of all contracts by the Mayor. This argument was raised as an afterthought in a late addition to the City's reply memorandum. The argument fails since in its own papers the City speaks of having "contracted" with the plaintiff. Reply Memorandum of Defendant at 1. See also, the contract itself, Exhibit A to the supporting Affidavit on behalf of plaintiff, which recites that the parties "have entered into a contract"; an Aug. 3, 1972 Internal Memorandum at CBMC, Exhibit C to the supporting Affidavit on behalf of plaintiff which notes that "The Academy Contract has been approved by the Board of Estimate, signed by the Model Cities Administrator and Polytechnic Institute and delivered to the Comptroller . . . . ."

For all of the reasons in the foregoing opinion the motion to dismiss the complaint is hereby denied as to both the tort and contract counts.

There is also a motion pending by plaintiff to compel the defendant City of New York to respond to the Interrogatories and produce the documents set forth in plaintiff's Oct. 23, 1973 First Set of Interrogatories and Request for Production of Documents. No opposition to the motion having been submitted, this motion is granted and the defendant is directed to respond to the interrogatories propounded and to produce the documents requested within 10 days. In the event of the City's failure to comply with this order I will entertain a motion to strike the answer and enter a default judgment.

So ordered.