John R. Tenney, J.
The petitioners seek permission to file a late notice of claim against the Jamesville-Dewitt Central School. Martha Cody was injured on a school bus on February 7, 1972. Subsequent to her injury, her mother contacted a Mr. Baker who was an official of the school. Subsequently, and before 90 days had transpired, she was contacted by Mr. R. M. Hamlin, a claims adjuster for the Lumbermen’s Mutual Casualty Company, the insurer for the school district. No notice of claim was filed.
On July 17, 1972, Mr, Hamlin wrote a letter to Mrs. Irene Cody, who is now known as the petitioner, Irene Flandera, in which he acknowledged a conversation with her regarding advance payments on medical bills and other expenses and agreed to pay all reasonable and necessary hospital and medical bills as they accumulated. He then stated: "It was agreed that this advancement of any monies for expenses incurred at this time as the result of this accident would be taken into account and full credit given at the time a final disposition of this claim is made. It is also agreed that the limits of liability coverage of the policy issued to S.C.D. 1, Town of Dewitt would be reduced by the total amount of any advance payments.”
*517 This statement was made at a time when no notice of claim had been filed, and the 90-day period had passed. The only reasonable interpretation that can be given is that it was a promise to continue to adjust the claim, but more importantly, it is clearly a waiver of the failure to file a notice of claim.
On or about the 6th day of December, 1973, an appointment was made for a physical examination by Mr. Hamlin on behalf of the insured. Subsequently, and during the year 1974, Mr. Hamlin made further contact with the petitioner on at least two occasions and allegedly made offers of settlement for specific amounts. Respondent does not deny any of these allegations. At all times Mr. Hamlin was dealing directly with the petitioner without counsel, and at no time was there any suggestion to her that her claim would not be allowed. The statement in the letter is tantamount to a specific promise that her claim would be honored and paid, and the implication is clear that she would not be required to take any further steps in order to protect her legal rights.
This case is clearly distinguishable from Johnson v Board of Educ. of City of Rochester (33 AD2d 647), because the facts here are not based upon affidavits alone. (Triple Cities Constr. Co. v Maryland Cas. Co., 4 NY2d 443, 448.) Conduct of this nature by the insurance company as the agent of the respondent, both orally and in writing, especially with a claimant not represented by counsel, forms an appropriate basis for an estoppel. (Matter of Daley v Greece Cent. School Dist., 21 AD2d 976.)
This is not to imply in any way that an insurance company by entering into negotiations is by that fact alone exposing itself to a possible claim of waiver of statutory or contractual rights. However, when the company or its authorized agent, impliedly assures a potential plaintiff in writing that a settlement will be made and makes specific unacceptable oral offers consistent with the written assurances, it has waived its rights and will be estopped from raising the issue of untimeliness at the time of suit.
Under the circumstances of this case, a notice of claim is not required (Debes v Monroe County Water Auth., 16 AD2d 381). The petitioners should serve a summons and complaint showing the facts which excuse the necessity of filing a notice of claim. In order to prevent any further delays, petitioners should complete service within 20 days of the date of entry of this order.