opinion of the court
John S. Lockman, J.
Motion by defendant to vacate a default judgment entered in plaintiffs favor is granted.
Defendant moves to vacate a default judgment entered on October 22, 1980. Upon oral argument defendant pointed out that the summons which was served on October 1,1980 stated that a judgment would be entered unless an answer was served within 21 days after service of the summons. Pursuant to section 20 of the General Construction Law such a 21-day period would require service on or before October 22, 1980. Nevertheless, plaintiff entered a default judgment on October 22,1980, despite defendant’s service of an answer on that date.
CPLR 3012 (subd [a]) provides that: “Service of an answer or reply shall be made within twenty days after service of the pleading to which it responds.” This statutory 20-day period for service of an answer would have expired on October 21, 1980. However, the statutory period may be extended by court order or upon stipulation. Where stipulated extensions have lulled a party into a false sense of security, the courts have held that such extensions may not *912 be used to deprive him of a substantial right. (Debes v Monroe County Water Auth., 16 AD2d 381.) “A party may not, even innocently, mislead an opponent and then claim the benefit of his deception.” (Romano v Metropolitan Life Ins. Co., 271 NY 288, 293.) Here there was no stipulated extension, but plaintiffs gratuitous expansion of the statutory period by one day removed any incentive to seek a stipulation. The court perceives no distinction between the instant case and that involving a stipulation particularly where only one day is involved.
The default judgment is vacated. (CPLR 5015, subd [a], par 3.)