OPINION OF THE COURT
Anthony J. Ferraro, J.
In an action for breach of contract and goods sold and delivered, defendant moves to vacate a default judgment on the ground, inter alla, that there was no default. Defendant claims that judgment was entered prior to the expiration of its time to answer and that prior to the expiration of this time period an answer was served and improperly rejected by plaintiff.
It is undisputed that the action was commenced on July 12, 1984 by the out-of-State service of a summons and complaint on defendant, a New York corporation, by personal delivery to Frank Leo, a vice-president, at defendant’s office in Danbury, Connecticut. The summons provided that service of the answer was to be “within 20 days after the service of this summons, exclusive of the day of service (or within 30 days after the service is complete if this summons is not personally delivered to you within the State of New York)”. It is undisputed that on August 13,1984 defendant’s answer was personally served upon plaintiff’s attorneys, and on the same date rejected as untimely. Defendant was then informed that a default judgment had been entered on August 6, 1984.
Defendant argues that pursuant to CPLR 313 and 3012 (c) it had 30 days within which to answer. These sections read, in *1098 relevant part, as follows: “A person domiciled in the state or subject to the jurisdiction of the courts of the state under section 301 or 302, or his executor or administrator, may be served with the summons without the state, in the same manner as service is made within the state”. (CPLR 313.) “[I]f service of the summons and complaint is made pursuant to * * * sections 313, 314 or 315, service of an answer shall be made within thirty days after service is complete.” (CPLR 3012 [c].) Defendant contends that, as a corporation, it was a person (General Construction Law § 37) domiciled in the State and served without the State with the summons and complaint. Thus, since it concludes that service was effected under CPLR 313, it claims the additional time to answer under CPLR 3012 (c), which would have expired on August 13,1984 (see, General Construction Law §§ 20, 25-a), the day the answer was served.
Plaintiff argues that the additional time under CPLR 3012 (c) was not available to defendant since the summons and complaint were not served under CPLR 313. Plaintiff claims, in effect, that the provisions of CPLR 313 simply provide for personal jurisdiction by service of a summons without the State in the same manner as service within the State is specifically authorized by other statutory provisions, where the courts of this State would otherwise have in personam jurisdiction. If, however, the manner of service without the State is already authorized by another statutory provision, then CPLR 313 would be inapplicable since it would be redundant. At bar, plaintiff contends that CPLR 313 does not apply since CPLR 311 (1) authorizes service on a corporation both within and without the State. Consequently, since CPLR 3012 (c) affords additional time to answer for service without the State under CPLR 313, and not merely for service without the State whether under CPLR 313 or not, CPLR 3012 (c) would not be applicable.
The court agrees that CPLR 311 (1) authorizes service on a corporation within or without the State (see, McLaughlin, Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR C311.T, p 254). With regard to CPLR 311, therefore, CPLR 313 is surplusage, and, to that extent, should not be read as referring to CPLR 311 (see, McKinney’s Cons Laws of NY, Book 1, Statutes § 231). Nevertheless, if this construction is given to CPLR 313, then, when read in conjunction with CPLR 3012 (c), the result is absurd and irrational, i.e., out-of-State service on a natural person affords an additional time to answer, whereas out-of-State service on a corporation affords no such allowance.
*1099 The CPLR is to be liberally construed (McKinney’s Cons Laws of NY, Book 1, Statutes § 325; CPLR 104), and unreasonableness and absurdity is to be avoided (McKinney’s Cons Laws of NY, Book 1, Statutes §§ 143,145). “[T]he literal meaning of a statute may be avoided to effectuate the legislative intent. A strict literal construction is not always to be adhered to, and the literal wording of a statute may be required to give way to the expressed object of the lawgivers. So it has been held that language of a statute may be freely dealt with, since the words of the statute ought to be made subservient to the intent and not contrary to it.” (McKinney’s Cons Laws of NY, Book 1, Statutes §94.)
The legislative history of CPLR 3012 (c) makes it clear that the intent of this provision is “in all cases where the summons is not actually delivered to the defendant in the state, an extra ten days to answer or appear is granted him” (Final Report of Advisory Committee on Practice and Procedure [Advance Draft, Jan. 4,1961], at A-310; emphasis added; see, Sixth Report 1962 NY Legis Doc, No. 8, at 265). This legislative intent is recognized by commentators. (See, e.g., Siegel, Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR C3012:15, p 593; cf. McLaughlin, Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR C320:3, p 364.)
Wherefore, the court concludes that the reference to CPLR 313 in CPLR 3012 (c) is intended in all cases to give a defendant 30 days to answer a complaint when the summons and complaint are served without the State, which would include service upon a corporation without the State under CPLR 311 (1). (See, Decisionware Inc. v Systems Equip. Lessors, 45 AD2d 971.) Thus, at bar, defendant’s service of its answer within 30 days of service of the summons and complaint without the State was timely and improperly rejected, and the entry of a default judgment prior to the expiration of the 30-day period was premature.
Moreover, the court holds that, even if it had not construed CPLR 311, 313 and 3012 as granting defendant the additional time to answer, the notice on the summons would grant such an extension. That notice clearly stated that defendant had 30 days to answer if the summons was delivered without the State. Beyond the statute, therefore, plaintiff itself extended defendant’s time to answer to 30 days after service of process. Such a gratuitous expansion of what plaintiff perceives to be the applicable statutory period, i.e., 20 days, was sufficient to have extended the defendant’s time to answer to August 13,1984, the *1100 date the answer was served. (See, Burke Supply Co. v Amanda’s Fryin’ High, 106 Misc 2d 911.)
Accordingly, motion granted.