### (June 20, 1966)

■ In the Matter of Stanley Simon, Respondent, v. James M. Power et al., Constituting the Board of Elections of the City of New York, Respondents, and Seymour Rubinstein et al., Appellants. In the Matter of Joseph Cohen, Respondent, v. James M. Power et al., Constituting the Board of Elections of the City of New York, Respondents, and Seymour Ross et al., Appellants.

Rabin, J. (dissenting). I dissent and vote to affirm the decision of Special Term. It appears from the stipulation entered into at Special Term, that the appellants who seek an opportunity to write in the names of a candidate in the congressional primaries for the districts involved, in reality, support a candidate who already has a valid designating petition officially filed for that office, and whose name will appear on election day as the candidate for Congress under the emblem of the Democratic party in their respective districts. Each such designated candidate is unopposed. The petitions that have been dismissed by Special Term, if permitted to stand, would not present any opposition to them. The sole object of these appellants is to have the names of those they support on the primary ballot where, being unopposed, they do not belong. Consequently, the appellants here are not aggrieved in the slightest by the action of Special Term. I wholeheartedly support the decision of Special Term on the merits. The entire maneuver is to circumvent the law.

In this respect, the majority of this court agrees. However, the majority reverses, holding that the committee named in this specious petition was not properly served. It points to section 148 which provides: "All required

notices shall be served on the members of the committee named in the petition." I do not agree that there is any jurisdictional defect in this proceeding. In taking this position I do not rest on the fact that counsel appeared for all members of the committee, both in Special Term and in the Appellate Division. This proceeding is a special proceeding and its institution is controlled by section 335 of the Election Law governing judicial proceeding and which provides that such proceeding may be instituted "upon such notice to such officers, persons or committees as the court, justice or judge shall direct".

An order to show cause was obtained in this case and the Justice signing such order directed the manner in which service was to be made. There is no question but that there was compliance with the method of service provided for in that order. Section 330 provides for liberal construction of article 14, entitled Judicial Proceedings. While section 148 of the Election Law provides that "All required notices shall be served on the members of the committee" it does not make provision as to how such notices shall be served. The order to show cause, signed under the powers given by section 335 of the Election Law, sets forth how the members of the committee shall be served, and as indicated, there was full compliance with that order. Construing the section liberally, as we must, we conclude that the provisions of service under section 148 were adequately met. To hold otherwise might enable a party to make service impossible by the simple expedient of designating a committee of an infinite number of members. In any event, assuming section 148 was not complied with, and assuming further that in signing the order to show cause, Special Term should not have provided for service in the manner in which it did, it is my belief that these appellants should not be heard to question the effect of that order because, as indicated at the outset, they are not aggrieved parties. Their candidates are not being stricken from the ballot. They alone are the designated nominees. The order should be affirmed.

Botein, P. J., Breitel and McNally, JJ., concur in decision; Rabin, J., dissents and votes to affirm in opinion, in which Stevens, J., concurs.

Orders reversed, etc.