■ RICHARD MILLER, an Infant, by KEITH MILLER, his Parent and Natural Guardian, et al., Respondents, v. BOARD OF EDUCATION, CENTRAL SCHOOL DISTRICT No. 1 OF THE TOWNS OF WELLSVILLE, SCIO, WILLING, ALMA, ANDOVER and INDEPENDENCE, Appellant.— Order unanimously reversed, without costs, and motion granted. Memorandum: Plaintiff's son was injured on defendant's premises on October 15, 1969. Neither plaintiff nor his son filed a claim under section 50-e of the General Municipal Law within 90 days. However, they sought a court order permitting late filing on the ground that the school nurse who brought the boy home after his injury, stated that the matter had been put in "liability insurance care". The court granted permission to the son for late filing pursuant to subdivision 5 of section 50-e of the General Municipal Law but denied permission to the father. Subsequently, the father sued defendant on his derivative action, alleging that he had been lulled into inaction until after the statutory period for the filing of the notice of claim had passed because of the statement of defendant's nurse, and that he was, therefore, excused from complying with section 50-e of the General Municipal Law. On defendant's motion for summary judgment in the father's action, Special Term held that a question of fact was presented on the issue of estoppel. Although a municipality may be estopped from asserting the defense of failure to file a notice within the 90-day period, there must be a showing that the person, upon whose acts or promises the estoppel is based, had authority to act for it (cf. *Ernst Iron Works* v. *Duralith Corp.*, 270 N. Y. 165, 170). Further, it must be shown that the acts of defendant or its representative justified plaintiff's reliance and that he did, in fact, rely upon them. (*Matter of Johnson* v. *Board of Educ.*, 33 A D 2d 647.) No such showing has been made. Plaintiff has not established any authority on the part of defendant's nurse to make any statement binding upon defendant, nor has plaintiff shown any fact sufficient to justify reliance upon the nurse's statement or that he did actually rely upon it. (Appeal from order of Erie Special Term denying

motion to dismiss claim as to parent.) Present — Goldman, P. J., Witmer, Gabrielli, Moule and Cardamone, JJ.