■ JOHN PONKO, an Infant, by His Mother, VERA PONKO, and VERA PONKO, Individually, Appellants, v REGIONAL TRANSIT SERVICE, INC., et al., Respondents.—Order unanimously affirmed, without costs. Memorandum: Plaintiffs in their complaint allege a cause of action in negligence against defendants Regional Transit Service, Inc., and Joseph Purvee. Regional Transit Service, Inc., is a subsidiary corporation formed by the Rochester Genesee Regional Transportation Authority established pursuant to section 1299-hh of the Public Authorities Law. On February 14, 1972 a bus owned by the Regional Transit Service, Inc., and operated by defendant Joseph Purvee collided with an automobile operated by plaintiff infant John Ponko at the intersection of Highways 5 and 20 with Highway 20C. The complaint

fails to allege compliance with section 50-e of the General Municipal Law. The answer additionally asserts that plaintiffs failed to comply with subdivision 2 of section 1299-rr of the Public Authorities Law by commencing their action after the expiration of one year and 30 days from the accrual of the cause of action. In an attorney's affidavit, not based upon personal knowledge, opposing defendants' motion for summary judgment, it is alleged that the collision occurred outside the Rochester Genesee Regional Transportation District. Such allegation, if true, does not excuse plaintiffs' failure to file the claim within 90 days under section 50-e of the General Municipal Law, the failure to allege such filing in the complaint and the failure to timely commence the action within one year and 30 days of the accrual of the cause of action in compliance with the statutory requirements. Plaintiffs assert that the defense raised, pursuant to subdivision 3 of section 1299-rr of the Public Authorities Law with respect to the assumption of liability of an employee for his negligence by the authority and the save harmless provision thereof, concerning employee negligence has no application to a subsidiary corporation of the authority. Subdivision 6 of section 1299-rr of the Public Authorities Law provides that each subsidiary corporation of the authority will be subject to the provisions of the section. In the affidavit of Attorney Gifford it is further alleged that within a few days of February 14, 1972 an adjuster from the Regional Transit Service, Inc., called on plaintiffs and discussed the collision and personal injuries of plaintiff John Ponko, and plaintiffs urge that defendants should be estopped from asserting the provisions of the General Municipal Law and the Public Authorities Law. No fact is found in the record which tends to establish settlement negotiations, nor is there any assertion that reliance was placed thereon which lulled plaintiffs into a justifiable belief that the case would be settled and litigation made unnecessary *(Brands v Sperduti, 43 AD2d 903; Miller v Board of Educ.,* 37 AD2d 798; *Matter of Johnson v Board of Educ.,* 33 AD2d 647).* Special Term properly granted defendants' motion for summary judgment dismissing the complaint. (Appeal from order of Ontario Supreme Court—summary judgment.) Present.—Marsh, P. J., Moule, Simons, Goldman and Witmer, JJ.