ELIZABETH YAWN et al., Respondents, v REGIONAL TRANSIT SERVICE et al., Appellants.—Order unanimously reversed, without costs, defendant's

motion for summary judgment granted and complaint dismissed. Memorandum: Plaintiff Elizabeth Yawn filed a notice of claim against the Regional Transit Service, Rochester Genesee Regional Transportation District, asserting a claim for personal injuries as a result of an accident occurring on April 16, 1974. The claim states that plaintiff was a passenger on a bus owned by Regional Transit Service and operated by Nicholas Geniola when it collided with a pole injuring plaintiff. The notice of claim dated April 26, 1974 was served on defendant Regional Transit Service on May 6, 1974. Suit was not commenced by service of a summons and complaint until June 26, 1975. Pursuant to subdivision 2 of section 1299-rr of the Public Authorities Law, an action may not be maintained against the Rochester Genesee Regional Transportation Authority or one of its subsidiary corporations (§ 1299-rr) based upon tort more than one year after the cause of action accrued, nor less than 30 days after filing a notice of claim (§ 1299-rr, subd 1). Pursuant to CPLR 204 (subd [a]) the 30 days within which claimant is prohibited from commencing suit after filing a notice of claim, is added to the one-year statute thus extending it to one year and 30 days following the accrual of the cause of action. In accord with the provisions of the Public Authorities Law, plaintiff should have commenced her action by service of a summons no later than May 16, 1975. Plaintiff urges that the Statute of Limitations is not a bar upon three grounds; (1) plaintiff's cause of action did not accrue until she had actual knowledge that she had a serious injury within the meaning of the no-fault insurance law, (2) if the cause of action accrued upon the date of the accident, it was nonetheless tolled by CPLR 204 (subd [a]) until such time as she could positively determine that she had a serious injury within the meaning of the no-fault insurance law and (3) there was no proof before Special Term that defendant Rochester Transit Service was a subsidiary corporation of Rochester Genesee Regional Transportation Authority as specified in section 1299-rr of the Public Authorities Law. Both plaintiff and defendant Regional Transit Service are covered persons within the meaning of subdivision 10 of section 671 of the Insurance Law. Plaintiff could not recover noneconomic loss under subdivision 1 of section 673 of the Insurance Law unless she had sustained a serious injury within the meaning of subdivision 4 of section 671 of the Insurance Law. A serious injury includes injury for which certain medical charges exceed $500. It appears from the record that on May 22, 1974 plaintiff had surgery for which she was charged $600 by one Saul Commins, M. D. In a report of the attending physician sent to the attorney for plaintiff on May 14, 1974, the physician estimated that his future charges would be in the amount of $600. In an affidavit opposing the summary judgment motion, plaintiff's attorney asserts that it could not be determined that there was a serious injury until August 5, 1974 when he received a full report from Dr. Commins along with an up-dated bill for services in the amount of $857. There is no indication to be found in article 18 of the Insurance Law that the Legislature intended to change the accrual date of a cause of action in motor vehicle tort cases. Absent such indication the rule continues to apply that a cause of action in negligence for personal injury accrues upon the date of the accident (*Christian v Village of Herkimer*, 5 AD2d 62, affd 5 NY2d 818). Plaintiff alternatively argues that should the court hold that the cause of action accrued upon the date of the accident, the one year and 30-day Statute of Limitations should nonetheless have been tolled until plaintiff could determine that she reached the $500 threshold for a serious injury thus permitting recovery for noneconomic loss pursuant to CPLR 204 (subd [a]): "§ 204. Stay of commencement of action; demand for arbitration. (a)

Stay. Where the commencement of an action has been stayed by a court or by statutory prohibition, the duration of the stay is not a part of the time within which the action must be commenced." There is no statutory prohibition against the commencement of a tort action against the Regional Transit Service. A timely notice of claim had been filed by plaintiff, hence her action could have been commenced at any time subsequent to the expiration of 30 days from the filing. The only impact of article 18 of the Insurance Law was that plaintiff was not entitled to recover damages for noneconomic loss unless she sustained a serious bodily injury or her medical expenses exceeded $500. The statute did not prohibit her from commencing an action. CPLR 204 (subd [a]) does not apply so as to effect a tolling of the one-year Statute of Limitations (§ 1299-rr, subd 2) beyond 30 days. There is no merit to plaintiff's contention that the Regional Transit Service, Inc., is not a subsidiary corporation of Rochester Genesee Regional Transportation Authority *(Ponko v Regional Tr. Serv.,* 55 AD2d 1033). (Appeal from order of Monroe Supreme Court—summary judgment.) Present—Marsh, P. J., Moule, Cardamone, Denman and Witmer, JJ.