OPINION OF THE COURT
Edward M. O’Gorman, J.
Petitioners, pursuant to section 6-164 of the Election Law, filed a petition with the Board of Elections of the County of Orange on August 3, 1978, requesting an opportunity to write in the name of a candidate for the office of Assemblyman in the 97th Assembly District of the State of New York, so that they might vote by write-in ballot in the primary election for nomination to such office to be held on September 12, 1978. The Board of Elections, on August 8, 1978, notified petitioners in writing that said petition which had been thus filed "does not comply with the provisions set forth in sections 6-164 and *710 6-166 of the Election Law of the State of New York and is hereby rejected.”
The affidavit in opposition to the petition submitted on behalf of the Board of Elections sets forth the objection that section 6-166 of the Election Law does not provide for a petition which specifies the name of the particular candidate. The annexed petition indicates on its face the name of a particular candidate. The Board of Elections also contends that there is a further deviation in the language contained in exhibit No. 1 with respect to the description of the committee to receive notices from the language set forth in the form of petition provided for in section 6-166.
An examination of the petition, which appears to be a composite form, indicates that the language which seeks an opportunity to write in the name of an undesignated candidate conforms in all respects to the requirements of the Election Law. It deviates from the sample form of petition set forth in section 6-166 by including additional columns for the name of the candidate and his place of residence. The petition as filed lists the name of a particular candidate and his place of residence, and also lists in the column marked "Public Office or Party Position” the fact that the office is that of Member of the State Assembly for the 97th Assembly District, County of Orange. It appears that the minimum information required by the statute has been supplied, and that additional information, not specified in section 6-166, has also been included. It is the inclusion of this additional information, to wit: the actual insertion of the name of a write-in candidate, which it is now contended renders the petition invalid. In this connection, section 6-164 provides as follows: "Enrolled members of a party entitled to vote in the nomination of a candidate for public office or the election of a candidate for party position in a primary election of such party, and equal in number to at least the number of signers required to designate a candidate for such office or position may file with the officer or board with whom or which are filed designating petitions for such office or position a petition requesting an opportunity to write in the name of a candidate or candidates, who need not be speciñed, for such office or position.” (Emphasis supplied.)
It seems clear that the purpose of the underlined language is to confer a privilege upon the petitioners enabling them to keep undisclosed the candidate on whose behalf they *711 seek the write-in ballot. In the court’s opinion, no reasonable construction of this language can render the omission of the candidate’s name mandatory rather than permissive. The inclusion of the name of the candidate by petitioners, while unnecessary, does no violence to either the letter or the spirit of the Election Law, and standing by itself is inadequate to invalidate the petition.
With respect to petitioners’ use of the phrase "Committee to Fill Vacancies” to describe the persons listed at the head of the ballot instead of the statutory language "Committee to Receive Notices” is not sufficient to invalidate the petition. This misdescription has been held to be a mere misnomer, and constitutes substantial compliance with the requirements of the statute (Matter of Gray v Power, 30 AD2d 685, affd 22 NY2d 777).
For the foregoing reasons, the court , holds that the petition as filed is in substantial compliance with the requirements of sections 6-164 and 6-166 of the Election Law. The objections filed by the intervenor are hereby found to be without merit; the determination of the Board of Elections dated August 8, 1978 is reversed, and the board is directed to receive and file the petition and grant the relief sought therein;