OPINION OF THE COURT
Rudolph U. Johnson, J.
Petitioner, Charles A. Haynie, by order to show cause, seeks *535 an order declaring valid a certain petition for opportunity to ballot for nomination by the Liberal Party for the office of Delaware District Councilman.
Petitioner candidate filed his petition on July 26, 1979 which was headed:
”1, the undersigned, do hereby state that I am a duly enrolled voter of the Liberal Party and entitled to vote at the next primary Election of such Party, that my place of residence is truly stated opposite my signature hereto, and I do hereby request an opportunity to write in the name of Charles A. Haynie, an undesignated candidate for nomination to the Public Office, in the political unit hereinafter set forth, of such Party to be voted on the 11th day of September, 1979, as hereinafter specified:
NAME OF CANDIDATE PUBLIC OFFICE PLACE OF RESIDENCE
Charles A. Haynie Member of the 88 Fairfield Street
Common Council Buffalo, N.Y. 14214
Delaware Ward
Subsequently, the respondent, Erie County Board of Elections, rejected this petition as it failed to substantially comply with section 6-164 of the Election Law and the requisite form set forth in section 6-166. Specifically, the board ruled that the inclusion of petitioner’s name was tantamount to circulating a "Designating Petition”, and, therefore, an avoidance of the legislative intention of the Election Law. As such the respondent claims it would be limited to counting only those write-in ballots cast for petitioner Haynie and not also ballots cast for other persons.
Petitioner argues that the language of section 6-164 of the Election Law does not mandate that all candidates’ names shall be omitted from the petition, but rather, is optional in scope, stating only that the name of a candidate "need not be specified”.
The issue presented appears to be one of first impression.
As in the instance of designating petitions (Election Law, § 6-130), section 6-164 contemplates and intends that the petition be so drawn that exact notice of the petition’s contents, in conformance with statute, be afforded the signators thereon.
Section 6-164 of the Election Law is intended to give to enrolled members of a political party a vehicle for the contesting of an otherwise uncontested primary race and allows *536 them, and other enrolled members, an opportunity to write in their own choice as a candidate for a particular office. It is important to note that this choice need not be limited to a person of the same political affiliation.
This court believes, however, that the intent of section 6-164 was not to provide an alternate form of a designating petition for nonparty candidates, but rather to allow party members to open an uncontested race and to place that position on the primary ballot. The language that a candidate’s name "need not be specified” is thus used in this statute to further define the subsequent sentence and establish the legislative intention of providing a means for a more open primary. It is not to be construed to permit the circulating of a petition which would limit the contested primary to only designated persons.
The petitioner argues that if his petition were validated it would, in fact, permit an open primary wherein ballots could be cast, by write-in, for any other persons. We cannot agree.
Despite petitioner’s now magnanimous offer, the court is unable to look beyond the face of the petition and the presumed intent and/or understanding of the signators; namely, to "request an opportunity to write in the name of Charles A. Haynie”. Whether or not those same signators would have also wished to request an opportunity to permit themselves and other party members to write in any other person is not discernible from the petition.
As so restricted by the petitioner candidate, the petition fails to substantially comply with the form set forth in subdivision 2 of section 6-166 of the Election Law.
Accordingly, the petitioner candidate’s request to declare valid his petition for opportunity to ballot as filed with the Erie County Board of Elections on July 26, 1979 is denied.