█ In the Matter of CHARLES A. HAYNIE, Appellant, v EDWARD J. MAHONEY et al., Constituting the Board of Elections of the County of Erie, and RONALD M. STANTON, Respondents.—Order unanimously reversed, without costs, and petition granted. Memorandum: This case is an appeal from an order of Supreme Court, Erie County, denying petitioner's motion to declare valid his "Petition for Opportunity to Ballot." Petitioner sought to compel respondent Board of Elections to permit "write-in" voting in the primary election of the Liberal Party for the office of Common Councilman, Delaware District, City of Buffalo. Respondent Board of Elections ruled that petitioner's "write-in" petition was invalid because he had changed the wording of the form provided in section 6-166 of the Election Law by adding his own name to the phrase "an undesignated candidate." Special Term substantially adopted the reasoning of the respondent and denied the motion. Special Term's construction of sections 6-164 and 6-166 misconstrues the meaning of "name of a candidate or candidates, who need not be specified." Nothing in the statute suggests that candidates may not include their names in a "write-in" petition; rather, the statute provides that candidates are not required to include their names (see Matter of Ryan v Cortwright, 95 Misc 2d 709, 710-711). The Election Law should not be given a technical construction to defeat the rights of the electorate to petition for an opportunity to avoid uncontested party nominations (Matter of Simon v Power, 50 Misc 2d 761, revd 26 AD2d 531, revd 17 NY2d 924). No prejudice to any other candidate or party member will arise, because section 7-114 (subd 2, par [g]) of the Election Law provides for blank spaces to write in the name of any candidate (see 1963 Opns Atty Gen 178, 179). (Appeal from order of Erie Supreme Court—Election Law.) Present—Dillon, P. J., Hancock, Jr., Doerr and Witmer, JJ. (Decided Aug. 22, 1979.) [100 Misc 2d 534.]

█ GENERAL ELECTRIC CREDIT CORPORATION, Respondent, v NIAGARA FRONTIER TRANSPORTATION AUTHORITY, Appellant.—Order unanimously affirmed, with costs, for the reasons stated in the memorandum at Special Term, Bayger, J. (See, also, Yawn v Regional Tr. Serv., 61 AD2d 1126.) (Appeal from order of Erie Supreme Court—dismiss complaint.) Present—Cardamone, J. P., Hancock, Jr., Schnepp, Doerr and Witmer, JJ.