## (September 25, 1964)

■ In the Matter of GEORGE DALEY et al., Respondents, v. GREECE CENTRAL SCHOOL DISTRICT No. 1 et al., Appellants.— Order unanimously reversed, without costs of this appeal to any party, and motion denied, without costs, with leave to plaintiffs to file and serve a summons and complaint within 20 days after service of the order herein, in accordance with the memorandum, if so advised. Memorandum: Special Term granted this order under that portion of subdivision 5 of section 50-e of the General Municipal Law, which provides in substance that the court, in its discretion, may grant leave to serve a late notice where the claimant has failed to serve his notice within the time limited "by reason of his justifiable reliance upon settlement representations made in writing by an authorized representative of the party against which the claim is made or its insurance carrier." We find no writings which justified reliance upon settlement representations. However, if the allegations contained in the affidavits submitted by the plaintiffs in support of their application to serve a late notice are correct, it appears that the defendant school district may be estopped from setting up the defense of failure to file timely because of the activities, conduct, statements, and writings of the representative of the insurance company which protected the Central School District. (See *Triple Cities Constr. Co.* v. *Maryland Cas. Co.*, 4 N Y 2d 443; *Debes* v. *Monroe County Water Auth.*, 16 A D 2d 381.) If there is such an estoppel, plaintiffs were not required to file a notice of claim. (*Debes* v. *Monroe County Water Auth., supra,* p. 383.) In the complaint, if one is served, the plaintiffs should have the right to set forth the facts which establish that there is an estoppel against the defendant, which excused the plaintiffs from the necessity of complying with section 50-e. (Appeal from an order of Monroe Special Term granting claimants' application for leave to serve a notice of claim pursuant to subdivision 5 of section 50-e of

the General Municipal Law.)   Present — Williams, P. J., Bastow, Goldman, Noonan and Del Vecchio, JJ.