Wachtler, J.
 

 The instant appeals stem from the creation of a separate entity, the New York City Health and Hospitals Corporation, to operate the municipal medical facilities in New York City (L 1969, ch 1016, as amd). In addition to transferring the operating responsibility from the city to the New York City Health and Hospitals Corporation, this legislation changed the notice of claim procedure. Under the new statutory scheme, it became necessary for a party sustaining injury allegedly attributable to these health facilities to file a verified notice of claim with the corporation prior to the commencement of a lawsuit (New York City Health and Hospitals Corporation Act, § 20, subd 2; L 1969, ch 1016, as amd, incorporating all the provisions of General Municipal Law, § 50-e). In both cases, plaintiffs were injured and preceded their lawsuits by filing notices of claim with the city rather than the Health and Hospitals Corporation. Claiming that they were misled by the manner in which their claims were handled and by the inequity caused by the new statutory scheme as it relates to notice, both seek leave to file notices of
 
 *666
 
 claim on the Health and Hospitals Corporation,
 
 nunc pro tunc.
 
 The issue thus presented is whether, and under what circumstances, the corporation may be estopped from asserting lack of notice of claim.
 

 Appellant James Bender’s cause of action is based on alleged improper treatment he received at two municipal hospitals. He was injured in an automobile accident on October 7, 1971 and was taken to Jamaica Hospital where he was not admitted but was instead transferred and later admitted to Queens General Hospital. By virtue of alleged delay in treatment and improper treatment, gangrene developed and it became necessary to amputate his left leg at the thigh. Notice of claim containing the requisite details of the malpractice claim was received by the city on December 23, 1971.
 

 Corporation Counsel, who is the attorney for the city, and incidentally the attorney for the Health and Hospitals Corporation, was apprised of the claim shortly thereafter and noticed a hearing and physical examination for January 19, 1972 which was held in fact on March 21, 1972. At no time did Corporation Counsel who conducted the hearing, inform claimants or counsel that the notice had been filed with the wrong agency or that notice should have been served on the Health and Hospitals Corporation. An action was commenced against the city on April 5, 1972, well within the one year and ninety days prescribed by statute (General Municipal Law, § 50-i).
 

 In August of that year appellants’ counsel deposed one of the treating doctors whom the city had selected as familiar with the circumstances of the suit. At no time was the Health and Hospitals Corporation mentioned. Subsequently, appellants’ attorney learned of the establishment of the Health and Hospitals Corporation and served the complaint in this action on the corporation on January 10, 1973.
 

 In a belated answer the corporation raised,
 
 inter alia,
 
 the affirmative defense of failure to comply with the notice of claim provision and sought judgment dismissing the complaint. Special Term held that the notice served on the city constituted notice on the corporation and granted leave to serve an amended notice on the corporation. The Appellate Division reversed concluding that failure to serve notice of claim as required by statute was a fatal defect (46 AD2d 898).
 

 In the second case before us, respondents Economou and Sarantos also seek an order granting leave to serve a notice of claim on the Health and Hospitals Corporation,
 
 nunc pro
 
 
 *667
 

 tunc.
 
 Both men were employed as painters who were injured while painting a ward located on the ground floor of Bellevue Hospital. The injuries, which occurred on April 5, 1972, were the result of exposure to ultra violet lights located in the ward. Apparently the louvres which ordinarily shielded these lights had been removed by employees of the hospital. One week later, notices of claim were served on the city on behalf of the petitioners.
 

 Thereafter Corporation Counsel demanded an examination of the parties at its office on July 3, 1972. This examination was adjourned to September 20, 1972 at which time the painters were examined as to the details of the accident and the extent of their damages. They also submitted to a physical examination by a doctor employed by the city. An action was commenced against the city in October of that year. When the city answered by denying operation and control of Bellevue despite admitting ownership, the petitioners’ attorney was alerted to the new law. Shortly thereafter the petitioners moved for an order to permit their notices to be served
 
 nunc pro tunc
 
 on the Health and Hospitals Corporation. Special Term granted petitioners’ application and the Appellate Division affirmed with one Justice dissenting (47 AD2d 877).
 

 With the State’s waiver of sovereign immunity (Court of Claims Act, § 12-a) and subsequent interpretation extending that waiver to all civil divisions of the State
 
 (Bernardine v City of New York,
 
 294 NY 361), the Legislature saw fit to enact limitations on time and procedure for maintaining actions against the government (General Municipal Law, § 50-e; see, generally, Reports of the Joint Legislative Committee on Municipal Tort Liability, 1955-1963, 1964; 18 McQuillin, Municipal Corporations [3d ed], §§ 53.151-53.152). To alleviate the harshness of absolute compliance, certain excuses were allowed by statute to be applied in the court’s discretion (General Municipal Law, § 50-e, subds 5, 6).
 

 Although the court has broad power to allow for certain infirmities (General Municipal Law, § 50-e, subd 5) or to correct nonprejudicial mistakes or irregularities in notices of claim (General Municipal Law, § 50-e, subd 6) the instant cases do not involve such defects. Here the petitioners raise the issue of whether or not the corporation should be disqualified from asserting a failure to file. While there is some support for this approach in the lower courts (see, e.g.,
 
 Debes v Monroe County Water Auth.,
 
 16 AD2d 381;
 
 Matter of Daley
 
 
 *668
 

 v Greece Cent. School Dist.,
 
 21 AD2d 976, affd 17 NY2d 530;
 
 Matter of Johnson v Board of Educ. of City of Rochester,
 
 33 AD2d 647;
 
 Matter of Scibilia v City of Niagara Falls,
 
 44 AD2d 757) our court has never specifically adopted the doctrine of estoppel in the notice of claim area. (But see
 
 Teresta v City of New York,
 
 304 NY 440, 443.) We do so today.
 

 We believe that where a governmental subdivision acts or comports itself wrongfully or negligently, inducing reliance by a party who is entitled to rely and who changes his position to his detriment or prejudice, that subdivision should be estopped from asserting a right or defense which it otherwise could have raised. (See, generally, Applicability of doctrine of estoppel against government and its governmental agencies, Ann., 1 ALR2d 338; 2 Antieau, Municipal Corporations, § 16A.22; cf.
 
 La Porto v Village of Philmont,
 
 39 NY2d 7.) The equitable bar to a defense may arise by virtue of positive acts, or omissions where there was a duty to act. By applying the doctrine of equitable estoppel to notice of claim situations, the courts may insure that statutes like section 50-e of the General Municipal Law, do not become "a trap to catch the unwary or the ignorant” (see
 
 Sweeney v City of New York,
 
 225 NY 271, 273).
 

 The question remains as to what avenue estoppel may best be asserted. Bearing in mind that notice of claim is a condition precedent to bringing suit, the facts allegedly constituting an estoppel must first be brought before the court. It has been held that this could be accomplished by serving an amended complaint setting forth facts sufficient to excuse the filing of notice of claim by virtue of estoppel (see, e.g.,
 
 Matter of Daley v Greece Cent. School Dist.,
 
 21 AD2d 976, affd 17 NY2d 530,
 
 supra).
 
 In our view a more appropriate way would be to move to file a notice of claim
 
 nunc pro tunc.
 
 The matter could then be litigated prior to proceeding to trial. This procedure would lead to an expeditious resolution of the question on the basis of evidentiary facts, which is of paramount concern to all parties involved.
 

 The instant cases arise in the context of motions to file
 
 nunc pro tunc.
 
 However, the records before us do not present facts sufficient to resolve the issue. Among the allegations needing further elucidation to determine whether the corporation is estopped are the claims that for a period of time the corporation and the city refrained from strictly applying the new statute, that the date of the transfer of operational responsi
 
 *669
 
 bility to the corporation was not a matter susceptible of public discovery and that the corporation failed to indicate its autonomy in a manner similar to other autonomous city agencies. The determination of these questions in addition to ones concerning the duties and authority of persons handling the claims are necessary to the resolution of the estoppel issue. Finally, it does not appear on the records before us whether or to what extent action or inaction on the part of the city and the Corporation Counsel should be attributed to the corporation. We consider a rule which provides that when estoppel can be established compliance with notice of claim provisions should be excused to be a fair and just accommodation of competing interests.
 

 Accordingly, the orders of the Appellate Division should be reversed in
 
 Bender
 
 and modified in
 
 Economou
 
 and the matters remitted to Special Term for a consideration of evidentiary facts as to whether or not there should be an estoppel against the defendant corporation.
 

 Chief Judge Breitel and Judges Jasen, Gabrielli, Jones, Fuchsberg and Cooke concur.
 

 In
 
 Bender v New York City Health & Hosps. Corp.:
 
 Order reversed and case remitted to Supreme Court, Queens County, for further proceedings in accordance with the opinion herein, with costs to plaintiffs to abide the event.
 

 In
 
 Matter of Economou v New York City Health & Hosps. Corp.:
 
 Order modified and matter remitted to the Supreme Court, New York County, for further proceedings in accordance with the opinion herein and, as so modified, affirmed, with costs to petitioners to abide the event.