■ LILLETH CLIENHANS, Appellant, v SOUTHERN CAB CORPORATION et al., Defendants, and CITY OF NEW YORK et al., Respondents.—Order, Supreme Court, New York County, entered June 5, 1974, and judgment thereon of June 14, 1974, granting the defendant city's motion to sever the action against it and to dismiss it, reversed, on the law and the facts, and the motion denied and judgment vacated, without costs and without disbursements. Suit was commenced by service of a summons and complaint on January 25, 1973, the complaint alleging five causes of action. The first alleges a negligently caused collision on August 20, 1971 between the defendant taxi, in which the plaintiff was a passenger, and the defendant city's sanitation truck. The other causes of action sound in malpractice, conspiracy, fraud and misrepresentation, arising out of the city's alleged refusal to supply and denial of the existence of Police Department reports of the accident which would have enabled the plaintiff to file the notice of the negligence claim within the time specified in section 50-e of the General Municipal Law. The complaint alleges that the notice of claim was filed on January 27, 1972; it asserted all of the claims alleged in the complaint. In answer, the city alleged the failure of a timely notice of claim, and, on this ground alone, its motion to dismiss was granted. To sustain a cause of action, a plaintiff must both plead and prove timely filing of the notice of claim *(Winter v City of Niagara Falls,* 190 NY 198, 203), but in certain instances a defendant may be estopped from asserting the defense of nontimely filing *(Bender v New York City Health & Hosps. Corp.,* 38 NY2d 662). Thus, a plaintiff may have a valid cause of action with no notice of claim or one filed tardily. (See *Matter of Daley v Greece Cent. School Dist.,* 21 AD2d 976, affd 17 NY2d 530.) While *Bender* suggests that the more appropriate avenue for a plaintiff to assert a defendant's estoppel would be by a motion to file a claim *nunc pro tunc* with fact issues to be litigated prior to trial, it expressly permits the alternative of the plaintiff's alleging the facts constituting the estoppel in the complaint. (See, also, *Matter of Daley v Greece Cent. School Dist., supra.)* Since the complaint here already alleges facts which if proved would constitute an estoppel, there is no necessity for either its amendment as in *Daley* or resort to the motion alternative of *Bender.* Dismissal of causes of action two through five was also erroneous because they would have accrued after the vehicular accident and, dependent upon the facts proven, the notices of these claims may have been timely filed. Concur—Markewich, J. P., Murphy, Birns and Lynch, JJ. Nunez, J., dissents in part in the following memorandum: I would remand

for a hearing solely on the question of estoppel. In *Bender v New York City Health & Hosps. Corp.* (38 NY2d 662), the Court of Appeals recognized that litigating separately the claim of estoppel leads to an expeditious resolution of the question on the basis of the facts. Separate litigation would enable the parties to determine whether or not a cause of action lies, it would aid in pretrial settlement negotiations if estoppel is found to be available, and it would save the parties the expense of trial preparation should it be determined that estoppel is unavailable. The advantages of separate litigation mandate its use.