■ In the Matter of THE COUNTY OF SUFFOLK, Appellant-Respondent, Relative to Acquiring Title to Real Property in the Town of East Hampton.

MARGIT BESSENYEY et al., Respondents-Appellants.—In a condemnation proceeding, (1) petitioner County of Suffolk appeals from so much of an order of the Supreme Court, Suffolk County, entered Spetember 9, 1976, as, after a hearing, directed it to make certain payments to the claimants and (2) the claimants cross-appeal from so much of the said order as disallowed certain items of their claims. Order modified, on the law, by adding thereto a provision that the claimants shall file notices of taxation *nunc pro tunc.* As so modified, order affirmed, without costs or disbursements. The claimants' time to file the notices of taxation is extended until 20 days after entry of the order to be made hereon. Petitioner's contention that the order should be reversed and that the claimants should be required to file the notices of taxation before their claims could be heard is without merit. In the light of the fact that a hearing was directed by a prior order of the court at Special Term, petitioner had actual notice of the claims for damages and the position now taken by it would elevate form over substance. Nevertheless, the claimants should file notices of taxation *nunc pro tunc* to comply with the technical requirements of section 27 of the Suffolk County Improvement Act (see *Bender v New York City Health and Hosps. Corp.,* 38 NY2d 662). The claimants cross-appeal insofar as Special Term disallowed certain of their claims of damages. We agree that the said claims were properly disallowed and adopt the reasoning of Mr. Justice Glickman, as contained in his memorandum decision. Claimant Oceanview Realty's claim for loss in valuation should be raised in the pending condemnation proceeding, where the court may consider whether, at the time of the taking, the value of the property had been reduced by the "debilitating effect of [the] threatened condemnation" (see *City of Buffalo v Clement Co.,* 28 NY2d 241, 254-255). Martuscello, J. P., Latham, Margett and O'Connor, JJ., concur.