■ BARBARA POLLANS, Appellant, v CITY OF NEW YORK, Respondent.—In a medical malpractice action, plaintiff appeals from an order of the Supreme Court, Kings County, entered August 11, 1977, which granted defendant's motion to dismiss the complaint on the ground that it is not the proper party in interest. Order modified, in the interest of justice, by adding thereto a provision granting leave to plaintiff, if she be so advised, to move to file a late notice of claim against the New York City Health and Hospitals Corporation *nunc pro tunc.* As so modified, order affirmed, without costs or disbursements. The time within which plaintiff may serve such notice is extended until 10 days after service upon her of a copy of the order to be made hereon, together with notice of entry thereof. The case of *Bender v New York City Health & Hosps. Corp.* (38 NY2d 662) is not authority for the proposition advanced by plaintiff, to wit, that the city should be estopped to deny it is the proper party in interest. Although *Bender* pronounces (p 668), "adopt[ion of] the doctrine of estoppel in the notice of claim area", in that case, and its companion case, *Matter of Economou v New York City Health & Hosps. Corp.* (38 NY2d 662), plaintiffs sought leave to file notices of claim on the Health and Hospitals Corporation *nunc pro tunc.* A notice of claim against that corporation became a prerequisite to bringing an action against a municipal hospital under the statute which created the Health and Hospitals Corporation (L 1969, ch 1016, eff May 26, 1969, as amd). Although the plaintiff here shares certain common experiences with the plaintiffs in *Bender* and *Economou,* which were brought about by the city's conduct in the actions, that is insufficient to expand the holding of *Bender* in the direction sought by plaintiff. Such conduct underlies in part, however, our decision to proffer the plaintiff the opportunity to move to file a claim notice against the Health and Hospitals Corporation *nunc pro tunc.* Martuscello, J. P., Suozzi, Rabin and Hawkins, JJ., concur.