## (May 29, 1978)

JAMES CASUCCI, Appellant, v VILLAGE OF WAPPINGERS FALLS et al., Respondents.—In an action to recover damages for assault and battery, plaintiff appeals from an order of the Supreme Court, Dutchess County, entered July 28, 1977, which denied as moot defendants' motion to dismiss the complaint, on the ground that no action was pending "to which the * * * motion can be directed." Order reversed, on the law, without costs or disbursements, and defendants' motion to dismiss the complaint on the ground of the Statute of Limitations is granted. Since no motion pursuant to CPLR 3211 (subd [a]) was made before the answer was served, and the jurisdictional objection was not raised in the answer, the defendants submitted themselves to the court's jurisdiction and the plaintiff's failure to serve a summons was of no consequence (see CPLR 320; 3211, subd [e]; McLaughlin, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR 320:4, p 366). Thus, there was an action pending and the motion to dismiss the complaint was not moot. However, defendants' motion to dismiss the complaint should have been granted pursuant to section 50-i of the General

Municipal Law and CPLR 215, since the facts here provide no basis for the application of the doctrine of estoppel. (Cf. *Bender v New York City Health & Hosps. Corp.*, 38 NY2d 662.) "There is no evidence in the record that defendant[s] made any representation or engaged in a course of conduct which led plaintiff to believe it would be unnecessary to commence litigation in order to settle plaintiff's claim or that if litigation were commenced, the Statute of Limitations would not be pleaded in bar" (see *Brands v Sperduti*, 43 AD2d 903). Clearly, defendants did not waive their defenses under CPLR 3211 (subd [a], par 5), since such objections were raised in their answer (see CPLR 3211, subd [e]). Martuscello, J. P., Shapiro, Cohalan and Margett, JJ., concur.