OPINION OF THE COURT
Betty W. Ellerin, J.
At issue on this application by the defendant City of New York for leave to amend its answer is whether an employee of the New York City Health and Hospitals Corporation who has received workmen’s compensation for personal injuries suffered while on the job is thereby precluded from suing to recover damages from the City of New York for its alleged negligence in causing such injuries.
The instant action was commenced against the defendant City of New York (City), in December, 1975 seeking a recovery for personal injuries sustained by the plaintiff Alberta Vaughn, an employee of the New York City Health arid Hospitals Corporation (HHC), on May 6, 1975, when she was struck by a portion of the exterior facade of Bellevue Hospital Nurses’ Residence, a building owned, and allegedly operated, by the City. Plaintiff’s injuries were suffered in the course of her employment as a clerk at *995 Bellevue Hospital and she admittedly collected workmen’s compensation benefits by reason thereof which, as shown by the documents submitted in support of this motion, were paid by the City as insurance carrier of HHC.
Now, on the eve of trial, defendant City moves for leave to amend its answer, pursuant to CPLR 3025 (subd [b]), to assert the affirmative defense of workers’ compensation (as such benefits were renamed in 1978 [see Workers’ Compensation Law, § 11]) and based upon such proposed defense, defendant further seeks a dismissal of the complaint.
It is the contention of the defendant City in its proposed answer, that it, the City, was the employer of plaintiff Alberta Vaughn at the time of the accident and that by reason thereof her sole and exclusive remedy was the right to receive workers’ compensation and that she, in fact, “exercised her exclusive remedy by applying for and accepting Workers’ Compensation benefits from her employer” and that under section 11 of the Workers’ Compensation Law, the liability of the City to pay such benefits, as “employer of plaintiff” was exclusive and “in place of any other liability whatsoever”.
Plaintiffs assert that the attempt by the City to amend its answer at this stage in the proceedings is improper, that the delay in attempting to assert the proposed defense is unjustified, particularly where the factual basis of the amendment was known at the time of the original answer, and, further, that the moving papers are defective in that no affidavit of merit is submitted by the City. It is undisputed that the City has been fully aware of plaintiff Alberta Vaughn’s employment by HHC since December 10, 1975, when a hearing was held by the Comptroller’s office of the City on plaintiffs’ claim, and that, despite this knowledge, the City never previously sought to interpose a defense based upon workers’ compensation. Plaintiff points out that no excuse for such delay is offered and, moreover, that the defense lacks merit in that workers’ compensation may be asserted only by an employer and that plaintiff’s employer was not the City but a separate, independent entity, HHC.
In support of its attempt to interpose the workers’ compensation defense at this stage in the proceedings, the City *996 relies upon the decision of the Court of Appeals in Murray v City of New York (43 NY2d 400), which holds that such a defense can be asserted at any point in the proceedings prior to final disposition and that no “operative prejudice” or “surprise” can be raised by a plaintiff who has admittedly received such benefits from the defendant employer. In the Murray case, it had been admitted at trial, as well as in the bill of particulars, that plaintiff was employed by defendant, and further, plaintiff had attempted to reserve the right to collect compensation benefits from the named defendant. Under those circumstances the court concluded that the burden had shifted to plaintiff to show noncoverage, and a defense based on workers’ compensation was permitted to be raised by the City for the first time at trial by a motion to dismiss. In the instant case a markedly different situation prevails. Not only is there no admission that plaintiff was an employee of the defendant, but such is expressly denied. In that context, the burden is on the City, in the first instance, to satisfactorily demonstrate that plaintiff was in fact in its employ before it can avoid scrutiny with regard to the unreasonable and lengthy delay in moving for the relief now sought (cf. Greenberg v Bar Steel Constr. Corp., 27 AD2d 651), as is permitted by the holding in the Murray case. Moreover, that issue must in any event be resolved, dehors consideration of timeliness, since the court in the interest of judicial economy, and particularly in view of the contingent motion to dismiss, is required to look at the merits of this proposed amendment (East Asiatic Co. v Corash, 34 AD2d 432).
The foundation upon which the City’s proposed defense is posited is its self-characterization as plaintiff’s “employer”. The actual existence of an employee-employer relationship is, of course, crucial to a valid assertion of workers’ compensation as the sole and exclusive remedy in lieu of “any other liability”. It is undisputed that at the time of the accident, the plaintiff Alberta Vaughn was employed by HHC and, as previously noted, the documents submitted indicate that the City acted as a compensation carrier for HHC with respect to her workers’ compensation claim. Beyond the showing that the defendant processed and paid plaintiff’s claim as the carrier for HHC, no other *997 facts are presented to support the City’s assertion that it was her employer. In the absence of any such factual showing, the critical issue is whether, as a matter of law, an employee of HHC is an employee of the City.
In now seeking to obliterate the independent character of HHC for purposes of defeating plaintiff’s claim, the City is in the untenable position of pressing a legal theory of its relationship with HHC which is directly contrary to the position taken by its Corporation Counsel in earlier litigation. For example, in Bender v New York City Health & Hosps. Corp. (38 NY2d 662), the Corporation Counsel argued that failure to serve a notice of claim on HHC barred plaintiff’s cause of action, even though plaintiff had served a timely notice of claim on the City. On behalf of HHC it was contended that HHC and the City were two separate entities and that notice to the City’s Corporation Counsel was not notice to HHC, even though the Corporation Counsel also served as the attorney for HHC. The Court of Appeals in Bender concluded that HHC is a separate entity, and that while HHC under the particular circumstances of that action was estopped from claiming that the notice had not been properly served, a separate notice of claim is required to properly bring suit against HHC and that a notice served on the City would not constitute notice to HHC.
It is both interesting and significant to note that in the instant case the City, both in its answer and proposed amended answer, denies plaintiffs’ allegation in paragraph 2 of the complaint that “defendant operated, managed, maintained, and controlled” the premises in question “by its agents, servants and/or employees”. Implicit in such denial appears to be a contention by the City that HHC is a separate entity, and that HHC’s employees operated or controlled the subject premises, since it has never been suggested that such control was exercised by any party other than the City or HHC. If HHC and the City are one entity, as the City contends in support of this motion, then its denial of control over the subject premises constitutes a sophistic attempt to have it both ways, that is, to allege that HHC is a separate entity on the question of the City’s liability for negligence, but to allege that HHC is *998 part of the City on the issue of the applicability of workers’ compensation as a bar to plaintiffs’ recovery.
The independent character of HHC can perhaps best be perceived by a review of the legislation which brought it into being. The statute establishing HHC declared it to be “a body corporate and politic constituting a public benefit corporation” (New York City Health and Hospitals Corporation Act [NYCHHCA], §4, subd 1, L 1969, ch 1016, as amd). It was created in order to transfer from the City to the new corporation the operating responsibility for the municipal health and medical facilities in New York City (see NYCHHCA, §§ 2, 6, L 1969, ch 1016, as amd; Bender v New York City Health & Hosps. Corp., supra, p 665). HHC’s powers include the following: to sue and be sued; to make and execute contracts; to purchase or acquire real or personal property; to operate, manage, superintend and control any health facility under its jurisdiction; and, significantly, “[t]o employ such * * * employees as may be necessary and *** to promulgate rules and regulations relating to the creation of classes of positions, position classifications, title structure, class specifications, examinations, appointments, promotions, voluntary demotions, transfers, re-instatement, procedures relating to abolition or reduction in positions, to determine the number of and to appoint, remove and discipline employees, to prescribe their duties, fix their qualifications, salaries, wages, fringe benefits, hours, work schedules, assignments and re-assignments, leaves of absence, annual leave, other time and leave rules and other terms of employment”. (NYCHHCA, §5, subd 12; see NYCHHCA, §5, subds 1, 5, 6, 7, 11, L 1969, ch 1016, as amd.)
The foregoing clearly demonstrates that the Health and Hospitals Corporation was intended to function as an independent entity in every regard and was to have complete autonomy respecting its personnel. Thus plaintiff, as an employee of this independent agency, was not controlled or subject to employment conditions set by the City for its workers.
The independent posture of HHC is further emphasized by the requirement that a notice of claim be served upon HHC with respect to “every action against the corporation *999 for damages, for injuries to real or personal property, or for the destruction thereof, or for personal injuries or death” (NYCHHCA, §20, L 1969, ch 1016, as amd). HHC is authorized by statute to “settle or adjust all claims in favor of or against the corporation, and all accounts in which the corporation is concerned as debtor or creditor” (NY CHHCA, §20, subd 4, L 1969, ch 1016, as amd by L 1973, ch 877). Thus, for purposes of actions to recover damages for negligence, medical expenses and loss of services, the Legislature expressly and intentionally structured HHC as a separate entity (see Bender v New York City Health & Hosps. Corp., 38 NY2d 662, supra). As indicated earlier, the requirement of serving a separate notice of claim on HHC, rather than merely serving a notice on the City, has been upheld on the basis that HHC and the City are separate entities (see Bender v New York City Health & Hosps. Corp., supra).
Although the City has a close contractual relationship with HHC (see, e.g., NYCHHCA, §6), the fact that HHC was or is contractually engaged in providing services for the City as an independent contractor does not make an employee of HHC into an employee of the City (see Bird v New York State Thruway Auth., 8 AD2d 495, 501).
Moreover, while the City may be the workers’ compensation carrier for HHC as an independent agency, this would not preclude suit against the City based upon a third-party theory of liability (see Cline v Avery Abrasives, 96 Misc 2d 258). It appears that the City has adopted the novel approach of claiming that its act of paying, in its capacity as a carrier, workers’ compensation to an injured party will absolve the City from any further liability for its own negligence and convert a claimant into an employee of the City by mere acceptance of such benefits, whether or not the claimant is actually an employee of the City. This theory, while imaginative, has no legal or factual basis. A workers’ compensation carrier is not cloaked with the employer’s immunity from common-law tort (see Cline v. Avery Abrasives, supra).
Based on the foregoing it is clear that HHC is an independent corporate body separate and distinct from the City of New York, that plaintiff Alberta Vaughn is an employee *1000 of HHC, that her status as an employee of HHC does not maké her an employee of the City of New York and that there is no merit to the City’s proposed defense that, for purposes of a tort action and section 11 of the Workers’ Compensation Law, the City can be construed as plaintiff Alberta Vaughn’s employer so as to bar plaintiffs from maintaining this action.
Accordingly, in view of the lack of merit to the proposed defense, the motion for leave to amend is denied, and the motion to dismiss is denied as academic.
The case is restored to the Part 14 calendar of January 29, 1981 for trial.