■ ALMER L. JOHNSON, Appellant, v CITY OF NEW YORK, Respondent, and NEW YORK CITY TRANSIT AUTHORITY, Third-Party Defendant-Respondent. — Order, Supreme Court, New York County, entered on January 5, 1981, unanimously affirmed, without costs and without disbursements. Concur — Murphy, P.J., Kupferman, Ross and Silverman, JJ.

Sandler, J., concurs in a memorandum as follows: Plaintiff appeals from an order entered January 5, 1981 denying a motion for leave to file a late notice of claim against the New York City Transit Authority. I agree that Special Term correctly denied the application for permission to file a late notice, an application made almost four years after the event giving rise to the claim. I do not agree with Special Term's further comment that "it has not been established that *** the City *** did anything to mislead plaintiff's counsel in regard to the need for filing such a notice." The record clearly establishes the contrary. Although there is no reason to suspect purposeful misconduct, it is clear that in a variety of ways the responses of several of the city's representatives to the action erroneously commenced against the city in fact misled plaintiff's counsel, and confirmed counsel in the mistaken view that the city was the appropriate defendant during a period in which corrective action could have been timely taken. The transit authority also contributed to misleading plaintiff's counsel by the character of its answer to the third-party action incomprehensibly brought against it by the city. However, this pleading was filed after the period of limitations had expired for plaintiff to commence an action against the transit authority and accordingly after the period in which the courts could have authorized a late filing of a notice of claim. (See General Municipal Law, § 50-e, subd 5; Public Authorities Law, § 1212.) I doubt that the principle of estoppel formulated by the Court of Appeals in *Bender v New York City Health & Hosps. Corp.* (38 NY2d 662) can be extended here to permit the fixing of liability on the city under the circumstances presented. However, that issue is clearly not before the court on this appeal, was not litigated, and accordingly is not resolved by the affirmance of Special Term's order.