■ SEMIJE MARKU et al., Respondents, v CITY OF NEW YORK, Appellant. — Appeal from an order of the Supreme Court, Kings County (Monteleone, J.), dated May 21, 1980, which granted the plaintiffs' motion for permission to file a notice of claim and a complaint, *nunc pro tunc,* against the New York City Health and Hospitals Corporation. Order reversed, without costs or disbursements, and motion denied. From October 28, 1971, until September 2, 1972, plaintiff Semije Marku received treatment at Coney Island Hospital and at Kings County Hospital. Claiming that Mrs. Marku had suffered injury by reason of malpractice at both hospitals, plaintiffs served a notice of claim upon the City of New York. Thereafter, on September 20, 1973, following an oral examination at the office of the Comptroller, plaintiffs commenced a malpractice action by service of a summons and complaint which named only the City of New York as defendant. Almost six and one-half years later, by notice of motion dated February 11, 1980, plaintiffs moved for an order permitting them to serve and file a notice of claim and a complaint, *nunc pro tunc,* against the New York City Health and Hospitals Corporation which, in 1970, had assumed control of hospitals formerly operated by the city. Special Term granted the motion. We now reverse. For the most part, plaintiffs rely on *Bender v New York City Health & Hosps. Corp.* (38 NY2d 662). There, the Court of Appeals held that "where a governmental subdivision acts or comports itself wrongfully or negligently, inducing reliance by a party who is entitled to rely and who changes his position to his detriment or prejudice, that subdivision should be estopped from asserting a right or defense which it otherwise could have raised." (*Id.,* at p 668.) In our view, *Bender* is clearly distinguishable on its facts. Unlike in *Bender,* plaintiffs' attorney here was asked at the Comptroller's hearing whether a claim had been filed against the health and hospitals corporation. He replied that he "believe[d] so." Although such inquiry should have alerted him to the need to file such a claim with the corporation, he failed to do so. In addition, the answer served in this case denied that the city operated and controlled the hospitals in question. A similar allegation in *Bender* alerted the attorney to the problem (see 38 NY2d, at p 667). It did not do so here. Moreover, although *Bender* was decided in February, 1976, the plaintiffs' attorney in this case still took no action. Indeed, the motion at bar was not made until some four years after the *Bender* decision, and, as indicated

herein, approximately six and one-half years after the oral examination and the service of the summons and complaint. No excuse for this delay is offered, and the plaintiffs are therefore hard pressed to seek estoppel, an equitable remedy, when their own inaction remains entirely unexplained, and where there is no evidence of misleading conduct by the city or the health and hospitals corporation. Moreover, since the corporation itself was never made a party to the plaintiffs' application, the order granting permission to serve a notice of claim and a complaint upon the corporation was improper. (See *Gold v City of New York,* 80 AD2d 138.) Mollen, P. J., Lazer, Cohalan and Thompson, JJ., concur.