■ KENNETH SCHUSTAL, Appellant, v DOUGLAS WHITEHEAD et al., Respondents, et al., Defendants. — In a medical malpractice action, plaintiff appeals from so much of an order of the Supreme Court, Kings County (Adler, J.), dated October 27, 1981, as granted motions by defendants-respondents for leave to call a certain physician to testify regarding the physical examination he conducted of plaintiff. Order reversed insofar as appealed from, with one bill of $50 costs and disbursements payable by respondents, and motions denied. The record indicates that the respondents have not demonstrated a good cause to be relieved of the terms of a stipulation or written agreement concerning the testimony of the doctor in question. The fact that the physician's findings might aid or influence the jury in the disposition of the case is insufficient to warrant relief from the clear and unequivocal stipulation or agreement. Lazer, J. P., Gibbons, Thompson and Bracken, JJ., concur.

■ LUKE STEIN et al., Respondents, v CITY OF NEWBURGH et al., Appellants. — In an action for an injunction, defendants appeal from (1) an order of the Supreme Court, Orange County (Hawkins, J.), dated December 7, 1981, which, after a nonjury trial, enjoined defendants from enforcing against plaintiffs the zoning ordinances requiring an auto junkyard permit, and (2) an order of the same court (Isseks, J.), dated December 11, 1981, which denied defendants' motion to dismiss the complaint on the ground of the Statute of Limitations. Order dated December 7, 1981, reversed, on the law, and action dismissed. Appeal from order dated December 11, 1981, dismissed as moot in light of the determination of the appeal from the order dated December 7, 1981. The appellants are awarded one bill of costs. The trial record clearly demonstrates that, under the circumstances, the enforcement of the zoning ordinances relating to maintenance of plaintiffs' auto junkyard does not constitute manifest injustice (cf. *Bender v New York City Health & Hosps. Corp.,* 38 NY2d 662; *Eden v Board of Trustees of State Univ. of N. Y.,* 49 AD2d 277, 283-284). Plaintiffs were aware that the issuance of a one-year license by the city clerk was a mistake since it immediately followed denial of their application by the city council. Inasmuch as the mistakenly issued license itself expired after one year, plaintiffs' continued operation of the business up to the present time cannot be deemed to have been in reliance upon the improperly issued license. There is, therefore, an absence of reliance sufficient to invoke the doctrine of estoppel, even if that principle were currently available (*Matter of Rosbar Co. v Board of Appeals of City of Long Beach,* 53 NY2d 623). Lazer, J. P., Mangano, Gibbons and Brown, JJ., concur.