■ In the Matter of DIMA CONTRACTING CORP., Appellant, v HARRISON GOLDIN, as Comptroller of City of New York, et al., Respondents. — Judgment of the Supreme Court, New York County (Lehner, J.), entered on May 5, 1982, which dismissed the petitioner's CPLR article 78 proceeding seeking to review and annul the respondent's order and determination dated June 25, 1981, is unanimously reversed, on the law, and the petition granted to the extent of remanding the matter for a hearing to determine the validity of petitioner's consent to the stipulation entered into with respondent Comptroller of the City of New York, without costs or disbursements. On March 19, 1981, petitioner, a contractor who has bid upon and performed contracts for the respondent Board of Education of the City of New York, was served by respondent Comptroller of the City of New York with a notice of hearing and complaint alleging noncompliance with section 220 of the Labor Law (failure to pay the petitioner's employees with the prevailing wage rates). At the subsequent hearing, which was held in May of 1981, the petitioner entered into a stipulation conced'ng that it had willfully violated section 220 of the Labor Law. It consented to reimburse its employees for the wage differential and also agreed to discharge its legal counsel. Based upon petitioner's admissions, the hearing officer issued a written decision finding the petitioner in violation of the Labor Law, and, by order dated June 25, 1981, the comptroller adopted this determination. On September 23, 1981, the petitioner commenced the instant article 78 proceeding seeking to review and annul the comptrollers' order of June 25, 1981, as well as an order by the board of education forbidding the petitioner from receiving contracts for a period of three years. According to the petitioner, its agreement to the stipulation was procured by the false and fraudulent representations of the comptroller's representatives that it would suffer only certain monetary damages (moneys withheld from future contracts). However, its plea of guilty, did, in fact, cause it to be barred for three years from obtaining the board's contracts. Special Term, in dismissing the petition, held that the proceeding was untimely commenced in that it was instituted more than 30 days after the petitioner first became aware of the purported fraud. However, "where a governmental subdivision acts or comports itself wrongfully or negligently, inducing reliance by a party who is entitled to rely and who changes his position to his detriment or prejudice, that subdivision should be estopped from asserting a right or defense which it otherwise could have raised." (Bender v New York City Health & Hosps. Corp., 38 NY2d 662, 668.) Under the circumstances, the court should have directed a hearing on the issue of whether or not there is any merit to the petitioner's contention that its

consent to the stipulation was the result of fraud and misrepresentation on the part of respondent comptroller. Concur — Murphy, P. J., Carro, Asch, Silverman and Milonas, JJ.