■ BROOKDALE HOSPITAL MEDICAL CENTER, Respondent-Appellant, v NEW YORK CITY HEALTH AND HOSPITALS CORPORATION, Appellant-Respondent. — Order of the Supreme Court, New York County (Lehner, J.), entered on January 21, 1982, which denied plaintiff's motion for summary judgment and denied defendant's cross motion for summary judgment, is unanimously modified, on the law, to the extent of granting defendant's cross motion for summary judgment dismissing the complaint and otherwise affirmed, without costs or disbursements. On August 13, 1979, Gene Roddenen was arrested and charged with grand larceny and possession of stolen property. He was suffering from a stab wound to the abdomen which required emergency care, and on the following day he was admitted to plaintiff Brookdale Medical Center where he was placed under a continuous police guard. The patient was arraigned at the hospital on October 26, 1979, and he thereupon entered a plea of guilty. The court imposed a sentence of unconditional discharge. Although the police guard was then immediately removed, officials at Brookdale were not expressly informed of that fact. On December 12, 1979, at the conclusion of his medical treatment, Roddenen left the hospital, and Brookdale subsequently submitted a bill for $30,886 to defendant New York City Health and Hospitals Corporation. Defendant, however, refused to make payment for more than $18,789.47, the amount incurred until October 26, 1979, the date of Roddenen's sentence. Plaintiff thereafter commenced the instant action seeking the balance of $18,101. According to Brookdale, the hospital had "at the special instance and request" of the defendant rendered medical services to Roddenen and was never "notified * * * that the patient * * * was no longer under police custody after October 26, 1979". Thus, plaintiff alleges, the Health and Hospitals Corporation is estopped from denying liability for the period October 27, 1979 through December 12, 1979. Both parties ultimately moved at Special Term for summary judgment, and the court denied the respective motions but without reaching the merits, holding instead that "the prisoner-patient is a necessary party to CPLR 1001(a) and must be served." In *Bender v New York City Health & Hosps. Corp.* (38 NY2d 662, 668), the Court of Appeals, in a case involving the same municipal corporation as the one in the instant matter, declared that "where a governmental subdivision acts or comports itself wrongfully or negligently, inducing reliance by a party who is entitled to rely and who changes his position to his detriment or prejudice, that subdivision should be estopped from asserting a right or defense which it otherwise could

have raised." However, the undisputed facts here demonstrate that Brookdale had actual knowledge that the patient was not in police custody after October 26, 1979. On November 1, 1979, a notation was made in Roddenen's hospital record that he was no longer under police guard. Other entries in his record indicate that Brookdale unsuccessfully attempted to have Roddenen settled upon his release at the Men's Shelter or with his family in South Carolina. Hospital personnel would scarcely have undertaken to make future arrangements for the patient had they considered him still to be in police custody. Moreover, it strains credulity to believe that the absence of a police guard could have escaped the plaintiff's attention. Since it is evident that Brookdale was aware that the police guard had been removed and that Roddenen had been discharged from custody, plaintiff cannot reasonably claim that it relied to its detriment upon the wrongful or negligent acts of defendant. Consequently, defendant's cross motion for summary judgment should have been granted. Concur — Sullivan, J. P., Ross, Fein, Milonas and Kassal, JJ.