JOSEPH LUKA et al., Appellants, v NEW YORK CITY TRANSIT AUTHORITY, Respondent.

First Department, April 5, 1984

APPEARANCES OF COUNSEL

*Harry Kresky* of counsel (*Kresky, Sinawski & Hollenberg,* and *Reisler & Silverstein,* attorneys), for appellants.

*Lawrence A. Silver* of counsel (*Lawrence Heisler* with him on the brief; *William E. Rosa,* attorney), for respondent.

OPINION OF THE COURT

BLOOM, J.

On January 22, 1981, plaintiff Joseph Luka was injured while endeavoring to board a bus operated by Manhattan and Bronx Surface Transit Operating Authority (MAB-STOA). Within the 90-day period limited by law (Public Authorities Law, § 1212, subd 2; General Municipal Law, § 50-e), he served a notice of claim on New York City

Transit Authority (NYCTA). NYCTA forwarded the notice to MABSTOA, which gave the claim a number and noticed the oral examination of Joseph Luka. NYCTA and MAB-STOA are separate and distinct bodies corporate (Public Authorities Law, § 1201, subd 1; § 1203-a, subd 2).

Prior to the hearing, plaintiffs and MABSTOA entered into a stipulation which amended the time of the accident. The stipulation, which was prepared by the attorney for plaintiffs, listed NYCTA as the body against which the claim was made. New York City Transit Authority was stricken from the title of the stipulation and MABSTOA substituted. In the endeavor to still the obvious doubt in the mind of plaintiffs' counsel, he included in the stipulation, a reference to the "New York City Transit Authority a/k/a Manhattan and Bronx Surface Transit Operating Authority". During this period MABSTOA served notice requiring plaintiff Joseph Luka to submit to oral examination on his claim. The notice listed MABSTOA in the title as the body against which claim was made.

Despite these circumstances which should have alerted plaintiffs to the fact that there was some question with respect to the proper defendant, plaintiffs served a summons and complaint naming NYCTA as defendant. Issue was joined on or about February 19, 1982 by the service of NYCTA's answer. In that answer, NYCTA denied the allegations of ownership, operation and control of the bus in question. This was some two months prior to the expiration of the time limited by law for the commencement of the action (Public Authorities Law, § 1212, subd 2).

Despite the obvious flagging of the situation by the notice requiring plaintiff Joseph Luka to submit to oral examination in which MABSTOA was named as the body corporate against which claim was made; the stipulation, with its handwritten change in the title, from New York City Transit Authority to MABSTOA, and the denials of ownership, operation and control contained in NYCTA's answer, plaintiffs did nothing until after they had deposed a representative of NYCTA. Then, in January, 1983, two years after the accident, they moved to serve an amended notice of claim and an amended summons and complaint, *nunc pro tunc,* substituting MABSTOA as defendant in the

place and stead of NYCTA. In response, NYCTA cross-moved for summary judgment on the ground that it did not own, operate or control the bus in question. Special Term denied plaintiffs' motion and granted defendant's cross motion for summary judgment. We affirm.

While the court has discretionary power to permit service of a late notice of claim, application therefor must be made prior to the expiration of the period fixed by law within which action must be brought (*Pierson v City of New York,* 56 NY2d 950). That period had expired in April, 1982 (Public Authorities Law, § 1212, subd 2), long before plaintiffs made their motion.

Plaintiffs contend, as does our dissenting brother, that they were misled by the actions of MABSTOA and, accordingly, it should be equitably estopped from denying lack of notice of claim (*Bender v New York City Health & Hosps. Corp.,* 38 NY2d 662). However, in the context of the situation here presented, the doctrine of equitable estoppel applies only "where a governmental subdivision acts or comports itself wrongfully or negligently, inducing reliance by a party who is entitled to rely and who changes his position to his detriment or prejudice" (*Bender v New York City Health & Hosps. Corp.,* 38 NY2d 662, 668, *supra*). It is, however, a doctrine of limited application and does not diminish the vitality of the rule that the doctrine of estoppel is not applicable to agencies of the State acting in their governmental capacity (*Matter of Hamptons Hosp. & Med. Center v Moore,* 52 NY2d 88, 93, n 1). It is to be invoked sparingly and only under exceptional circumstances.

MABSTOA and NYCTA sought to make clear on a number of occasions that MABSTOA and not NYCTA was the proper defendant. MABSTOA altered the title of a stipulation, it used the name of the proper defendant in the notice of examination, and NYCTA denied ownership, operation or control of the bus in question. Plaintiffs' endeavor to peg an estoppel on their own reference in a stipulation to "New York City Transit Authority a/k/a Manhattan and Bronx Surface Transit Operating Authority" is much too thin a reed to establish that MABSTOA acted wrongfully or negligently, thus inducing reliance by a person entitled to rely. To the degree that plaintiff could

be informed that MABSTOA was the proper defendant without so stating in precise language, both NYCTA and MABSTOA conveyed that information. Indeed, each of them went beyond what normally would be expected in an adversary proceeding. While the dismissal of what may be a meritorious claim may be a harsh result, it is a conclusion foreordained by statute. The remedy, if any there is to be, lies with the Legislature and not with the courts.

Accordingly, the order and judgment (one paper) of the Supreme Court, New York County (Eugene R. Wolin, J.), entered July 7, 1983, denying plaintiffs' motion for leave to file a late notice of claim and summons and complaint, *nunc pro tunc,* upon Manhattan and Bronx Surface Transit Operating Authority and granting defendants' cross motion for summary judgment should be affirmed, without costs.

ALEXANDER, J. (concurring). I concur in the affirmance herein on constraint of *Pierson v City of New York* (56 NY2d 950).

ASCH, J. (dissenting). On January 22, 1981, the plaintiff Joseph Luka was injured while attempting to board a bus owned and operated by Manhattan and Bronx Surface Transit Operating Authority (MABSTOA).

On or about March 10, 1981, the plaintiffs served a notice of claim, pursuant to section 50-e of the Municipal Law, upon the New York City Transit Authority (NYCTA). Upon receipt of the notice of claim, NYCTA, apparently recognizing that the bus involved belonged to MABSTOA, forwarded the notice of claim to MABSTOA and a MABSTOA claim number was assigned to the matter. Thereafter, an attorney on behalf of MABSTOA noticed the plaintiff Joseph Luka for oral examination, and subsequently a second notice was served by the same attorney on behalf of MABSTOA.

On or about November 20, 1981, a stipulation was entered into between the parties which amended the notice of claim concerning the time of the accident. The stipulation bears the MABSTOA claim number and NYCTA is crossed out on the caption and MABSTOA substituted. The stipulation provides: "IT IS FURTHER STIPULATED AND AGREED, that the defendant, New York City Transit Authority *a/k/a*

*Manhattan and Bronx Surface Transit Operating Authority* does not concede to the truth of the above statement." (Emphasis added.)

On or about December 3, 1981, the plaintiffs served a summons and complaint on the NYCTA. In its answer, served shortly thereafter, the NYCTA denied ownership and control of the bus which allegedly caused the accident.

The plaintiffs noticed the NYCTA for an examination before trial and after several adjournments, allegedly occasioned by the refusal of the NYCTA to appear, a deposition was conducted on November 22, 1982. The witness, an attorney, testified on behalf of NYCTA that MABSTOA, and not NYCTA, owned and operated the bus in issue, and that the plaintiffs had sued the "wrong defendant". The attorney also stated that Richard K. Bernard, the attorney for NYCTA, also "appears for MABSTOA when he has to".

In the early part of January, 1983, the plaintiffs moved for permission to serve a notice of claim and summons and complaint on MABSTOA *nunc pro tunc.* Special Term denied the plaintiffs' motion and granted the defendant's motion to dismiss the complaint. I disagree and would grant plaintiffs' motion.

Both NYCTA and MABSTOA are equitably estopped from raising the defense of the failure of the plaintiffs to serve a notice of claim and summons and complaint on MABSTOA within the statutory limits provided by section 50-e of the General Municipal Law. Thus, the Court of Appeals has stated: "We believe that where a governmental subdivision acts or comports itself wrongfully or negligently, inducing reliance by a party who is entitled to rely and who changes his position to his detriment or prejudice, that subdivision should be estopped from asserting a right or defense which it otherwise could have raised * * * The equitable bar to a defense may arise by virtue of positive acts, or omissions where there was a duty to act. By applying the doctrine of equitable estoppel to notice of claim situations, the courts may insure that statutes like section 50-e of the General Municipal Law, do not become 'a trap to catch the unwary or the ignorant' (see *Sweeney v City of New York,* 225 NY 271, 273)." (*Bender v New York City Health & Hosps. Corp.,* 38 NY2d 662, 668.)

I am not unaware that the Court of Appeals has more recently reaffirmed that "the vitality of the general rule that the doctrine of estoppel is not applicable to agencies of the State acting in a governmental capacity" and emphasized that the *Bender* holding was of "very limited application" (*Matter of Hamptons Hosp. & Med. Center v Moore,* 52 NY2d 88, 94, n 1). I also note that the Court of Appeals has dismissed a complaint because of the failure of the plaintiff to serve the notice of claim on the particular public officer specified in the statute (see *Parochial Bus Systems v Board of Educ.,* 60 NY2d 539, 547-549).

"Concededly, a municipal corporation may be estopped from asserting a right it has; but this bar is to be used sparingly and only in truly unusual cases" (*Matter of Miracle Mile Assoc. v Yudelson,* 68 AD2d 176, 179).

I believe, however, that this is one of those "truly unusual cases" which warrant an exception to this general rule. Although the NYCTA and MABSTOA are separate public corporations, their legal departments occupy the same offices at 370 Jay Street in Brooklyn. Upon receipt of the notice of claim served upon the NYCTA by plaintiffs, a MABSTOA claim number was assigned to it and the attorney representing MABSTOA conducted a preliminary hearing on plaintiffs' claim. Furthermore, there was a representation in the stipulation entered into by the attorney for the NYCTA (who acts as attorney for MABSTOA on occasion) that the NYCTA is also known as MABSTOA (*supra*). All these acts by NYCTA/MABSTOA appear to completely meet the test set forth in *Bender,* i.e., "where a governmental subdivision acts or comports itself wrongfully or negligently, inducing reliance by a party who is entitled to rely and who changes his position to his detriment or prejudice, that subdivision should be estopped from asserting a right or defense" (*Bender v New York City Health & Hosps. Corp., supra,* at p 668).

In the title of the stipulation, the words New York City Transit Authority are stricken and the initials MABSTOA substituted, and in the answer of the NYCTA served on February 19, 1982, operation and control of the bus in question is denied by NYCTA. These facts, however, should not detract from the plaintiffs' reliance upon the

representation that the New York City Transit Authority was "a/k/a Manhattan and Bronx Surface Transit Operating Authority".

Thus, although plaintiffs did not move for leave to file a notice of claim and summons and complaint upon MABSTOA *nunc pro tunc* until the 1-year and 90-day period provided by section 50-e of the General Municipal Law had expired, plaintiffs did so within a reasonable time after being notified by the attorney, at the examination before trial, that they had sued the wrong defendant.

SULLIVAN, J. P., and Ross, J., concur with BLOOM, J.; ALEXANDER, J., concurs in an opinion; ASCH, J., dissents in a separate opinion.

Order and judgment (one paper), Supreme Court, New York County, entered on July 7, 1983, affirmed, without costs and without disbursements.