■ SUSAN CHAIT, Respondent, v TOWN OF THOMPSON et al., Appellants. — Appeal from an order of the Supreme Court at Special Term (Connor, J.), entered June 14, 1983 in Sullivan County, which denied defendants' motion to dismiss the complaint and granted plaintiff's cross motion for leave to file a notice of claim *nunc pro tunc.*

Plaintiff was the owner of an unimproved lot of land in the Town of Thompson, County of Sullivan. In 1974, responding to an inquiry of plaintiff, the town notified plaintiff by letter that the property had been removed inadvertently from the tax roll and that she would not be required to pay taxes for that year. The letter also stated that her address was being changed in the tax records to reflect her actual address. Thereafter, tax bills were sent to the corrected address and paid each year through 1979.

Despite the town's waiver of the 1974 taxes due, the return to the Sullivan County Treasurer evidently reported the taxes as unpaid (see Real Property Tax Law, § 936, subd 1; § 1000, subd 1). Thereafter, the County Treasurer commenced the procedure

to sell plaintiff's land for unpaid taxes (see Real Property Tax Law, § 1000 *et seq.*). The county, having taken title to plaintiff's property by virtue of the provisions of subdivision 1 of section 1008 of the Real Property Tax Law, sold the land at public auction on September 19, 1978 to a third party. Notice of the sale and of plaintiff's right of redemption was mailed with a misspelled name to the former address and was returned to the county by the post office. The published notice also misspelled the name.

Plaintiff maintains that she was unaware of any tax sale until she visited the premises in 1982. She learned of the sale in August, 1982. The notice of claim was served in November, 1982 and this action was commenced against the town and county demanding money damages for the alleged negligence of defendants.

Defendants moved for an order pursuant to CPLR 3211 (subd [a], par 5) requesting dismissal of the action as not being commenced within the time limited by law. Plaintiff cross-moved for an order enjoining defendants from using the Statute of Limitations as a defense, on the grounds of equitable estoppel, and an order permitting plaintiff to file a notice of claim *nunc pro tunc*. Special Term denied defendants' motion and granted plaintiff's cross motion. This appeal by defendants ensued.

A single question is presented by defendants on this appeal, i.e., whether plaintiff was entitled to serve its notice of claim *nunc pro tunc*. Plaintiff and Special Term relied upon *Bender v New York City Health & Hosps. Corp.* (38 NY2d 662) in which the Court of Appeals, for the first time, permitted the implementation of the doctrine of equitable estoppel against a governmental agency. Defendants rely upon *Matter of Hamptons Hosp. & Med. Center v Moore* (52 NY2d 88, 93-94, n). They contend that the collection of taxes and the procedures pertinent thereto are the exercise of a governmental function and not subject to the doctrine of equitable estoppel. We disagree.

This is a negligence action for money damages which in no way seeks to restrain defendants from the exercise of their governmental function. The real property was sold for 1974 taxes which, according to the assessor's office, were never levied. Thereafter, in response to bills sent to plaintiff at her proper address, taxes were paid to defendants and accepted by them even after the property had been sold at public auction. Defendants contend a lack of vigilance on the part of plaintiff; however, that characterization more appropriately applies to defendants. By their acts and omissions, defendants caused plaintiff to believe that her tax payments were current. Strict application

of section 50-e of the General Municipal Law would, under the circumstances of this case, trap the unwary (*Bender v New York City Health & Hosps. Corp., supra,* p 668).

Order affirmed, with costs. Main, J. P., Casey, Mikoll, Levine and Harvey, JJ., concur.