*969 OPINION OF THE COURT
Frank S. Rossetti, J.
Motion by defendant for dismissal due to improper service of the claim is denied, in accordance with the following.
The subject claim for negligent supervision arises from alleged assaults on claimant by other inmates at Clinton and Auburn Correctional Facilities on June 8, 1986 and July 20, 1986, respectively (claimant was an informer in a drug investigation). A notice of intention was timely filed July 29, 1986, but it did not mention the subject assaults and was served by regular mail rather than certified mail, return receipt requested (CMRRR; see, Court of Claims Act § 11). Claimant thus brought a motion for permission to file a claim late which was granted September 9, 1988. (See, Wattley v State of New York, Ct Cl, mot No. 38933, Sept. 13, 1988, Margolis, J.) He then served and filed a claim thereunder by October 4, 1988, within the 30 days after notice of entry specified in the late filing order. However, defendant alleges this claim was also served by regular mail rather than CMRRR and this is the basis for its motion at bar. Claimant opposes the motion by alleging he attached a disbursement form to his claim requesting CMRRR, but apparently it fell off or was not complied with. He also presented evidence indicating his personal prison account was debited for CMRRR service of the claim on the Attorney-General versus only certified mail for filing the claim with the court. Absent sufficient rebuttal (see, Cole v State of New York, 64 AD2d 1023, 1024), we find the circumstances call for the invocation of equitable estoppel to prevent defendant from being rewarded for its own apparent breach of duty. (Cf., Bender v New York City Health & Hosps. Corp., 38 NY2d 662.)
It is certainly within the power and proper discretion of the State’s Department of Correctional Services to have prisoner mail processed by its employees rather than provide each prison with its own post office. However, when prisoners’ legal rights are involved, reasonable measures should be taken to protect against abuse. Here the apparent procedure was a prisoner would receive a receipt for any special mailing request only after it had been approved and processed. Defendant does not indicate that any documentation is given a prisoner when he delivers his mail to evidence such request. (See, Cole v State of New York, supra.)
While this court generally believes it an unconscionable *970 waste of judicial resources to have a Judge, court reporter, Assistant Attorney-General and numerous correction officers utilized to try what are usually only small claims cases, here more than nominal damages and rights are apparently involved. While the mere allegation of a State failure to act is not sufficient to overcome the presumption of regularity (see, e.g., Richardson, Evidence § 72 [Prince 10th ed]), at bar we have the documentary equivalent of an admission by defendant that claimant’s mailing request was received and charged for, but not acted on (cf., DeFilippis v State of New York, 157 AD2d 826). Claimant did what he was supposed to do and all that defendant allowed. He thereby relied on defendant’s employees to properly do their job. (See, e.g., Bender v New York City Health & Hosps. Corp., supra, at 668.) Plainly it would be a manifest injustice in these particular circumstances to penalize claimant for the sins of negligence or intent committed by State officers or employees. (See, 57 NY Jur 2d, Estoppel, Ratification, and Waiver, § 68, at 97.) At the least, a better system should have been in place to protect a prisoner’s legislatively decreed right to sue.
The State’s misfeasance or malfeasance would certainly be a proper excuse for a failure to timely file (cf., e.g., Finster v State of New York, slip opn, at 2 [Ct Cl, C1 No. 79500, mot No. 41404, Dec. 14, 1989, Benza, J.]) and, while we do not believe the Legislature intended superior rights for prisoners, we also think it did not intend to continue obstructions to a prisoner’s right to sue. The State has a legal obligation to allow prisoner suits and that includes the allowance of proper proof of service. In the face of claimant’s evidence of delivery, the burden was on defendant to explain why claimant’s instructions were not complied with. (Cf., 17 NY Jur 2d, Carriers, §§ 275, 339.) It failed to do so (see, Cole v State of New York, supra) and we believe the duty it breached is of sufficient importance and relevance to a prisoner’s right to sue to warrant the application of estoppel. (See, 57 NY Jur 2d, op. cit.)