■ Jose Rivera, Appellant, v State of New York, Respondent. [773 NYS2d 180]—

Carpinello, J. Appeals (1) from an order of the Court of Claims (Lebous, J.), entered August 2, 2002, which, inter alia, dismissed a claim for failure to file a timely notice of intention as to said claim, and (2) from an order of said court, entered November 4, 2002, which, inter alia, denied claimant's motion to strike certain affirmative defenses.

Claimant, an inmate, commenced an action in the Court of Claims seeking money damages for alleged improprieties by prison personnel, including the filing of a "false" misbehavior report on June 30, 2001. Claimant's notice of intention to file a claim was served on October 12, 2001. The court dismissed this particular claim as untimely. Following this dismissal, claimant filed a motion for leave to reinstate the claim.

It is uncontested that claimant's notice of intention was filed beyond the 90-day statute of limitations (*see* Court of Claims Act § 10 [3]). Claimant argues, however, that he is entitled to invoke the doctrine of estoppel against defendant due to the facility's mailroom delay in processing his legal mail. Generally, the Court of Claims does not obtain jurisdiction unless there is a timely filing of a claim or a notice of intention to do so (*see Selkirk v State of New York*, 249 AD2d 818 [1998]). Under certain circumstances, misfeasance or malfeasance on the part of facility officials may be a proper excuse for failure to timely file thus warranting estoppel (*see Wattley v State of New York*, 146 Misc 2d 968 [1990]). Here, however, claimant has failed to demonstrate that the mailroom delay arose out of any omissions or malfeasance on the part of the facility's mailroom personnel (*see Bullard v State of New York*, 307 AD2d 676 [2003]). In fact, a review of the record reveals that the mailroom personnel followed proper procedures in processing claimant's legal mail. Therefore, we agree with the court's denial of claimant's motion to reinstate the claim on the ground of untimeliness.

We are equally unpersuaded by claimant's contention that the

Court of Claims erred by denying his motion to strike certain of defendant's affirmative defenses. The remaining arguments made herein have been examined and found to be unpersuasive.

Cardona, P.J., Crew III, Rose and Lahtinen, JJ., concur. Ordered that the orders are affirmed, without costs.