Rockmore Contr. Corp. v City of New York (2023 NY Slip Op 02839)

Rockmore Contr. Corp. v City of New York

2023 NY Slip Op 02839

Decided on May 25, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: May 25, 2023

Before: Manzanet-Daniels, J.P., Singh, Moulton, Shulman, Higgitt, JJ. 

Index No. 652705/18 Appeal No. 325 Case No. 2022-00104 

[*1]Rockmore Contracting Corp., et al., Plaintiffs-Appellants,
v
City of New York, Defendant-Respondent.

Muchmore & Associates PLLC, Brooklyn (Marwan F. Sehwail of counsel), for appellants.
Sylvia O. Hinds-Radix, Corporation Counsel, New York (Lauren L. O'Brien of counsel), for respondent.

Order, Supreme Court, New York County (Arthur F. Engoron, J.), entered July 2, 2021, which granted defendant City of New York's motion to dismiss the causes of action for breach of contract (the first and fourth causes of action) as time-barred by a contractual limitations clause, unanimously modified, on the law, to deny the motion as to any claim for delay damage that arose after issuance of the certificates of substantial completion and to reinstate those claims, and otherwise affirmed, without costs.
Supreme Court correctly granted the motion as time barred insofar as it asserted claims that accrued before the City issued certificates of substantial completion. Plaintiffs commenced this action more than six months after the City had issued the certificates, thus rendering many of plaintiffs' claims for delay damage untimely under article 56 of the parties' construction agreements (see Picone/WDF, JV v City of New York, 193 AD3d 433, 434 [1st Dept 2021]). We reject plaintiffs' argument that the certificates were technically deficient or prematurely issued, as those issues fell within the ambit of article 27, which provides for alternative dispute resolution. Furthermore, plaintiffs failed to seek timely review of the certificates within 30 days of the determination to issue them, as required by the agreements' alternative dispute resolution process (see Kalisch-Jarcho, Inc. v City of New York, 72 NY2d 727, 734 [1988]).
We also reject plaintiffs' argument that the City should be equitably estopped from relying on a contractual six-month limitations provision because City representatives gave assurances that they would consider plaintiffs' claims for delay damages at the conclusion of the construction project (see Bender v New York City Health & Hosps. Corp., 38 NY2d 662, 668 [1976]). The documentary evidence does not support a basis to reasonably infer that the City intentionally misled plaintiffs to lull them into permitting the contractual limitations period to run. Moreover, the construction agreements contained merger, no estoppel, and no oral modification provisions, thus undermining any claim to reasonable reliance upon the alleged assurances (see Zumpano v Quinn, 6 NY3d 666, 674 [2006]; Hudson Ins. Co. v City of New York, 170 AD3d 622, 623 [1st Dept 2019]). Nor did the construction agreements oblige the City to review and decide any claims for delay damages.
However, article 56.2.1 permits plaintiffs to seek delay damages that arose after issuance of the certificates of substantial completion, and their factual allegations as to those claims have not been refuted on this motion. Although Supreme Court cited article 13.10, the "no damage for delay" provision, to dismiss the first and fourth causes of action in their entirety, it appears that the claims for post-certificate damages are not
subject to dismissal based on that clause. Indeed, the City's appeal brief does not argue that article 13.10 bars those claims as a matter of [*2]law.
We have considered plaintiffs' remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: May 25, 2023